# 2000 DTA 135

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL III DE ARECIBO/UTUADO**
**PANEL I**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

GILBERTO RAMOS ROSADO
Peticionario

---

EL PUEBLO DE PUERTO RICO
Recurrido

v.

GABRIEL VELEZ RAMOS
Peticionario

Núms. KLCE-2000-00304 / KLCE-2000-00305

San Juan, Puerto Rico, a 7 de junio de 2000

Panel integrado por su Presidenta, Juez Pesante Martínez
y los Jueces Martínez Torres y Salas Soler

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparecen ante nos Gilberto Ramos Rosado y Gabriel Vélez Ramos, ■ procurando la revocación de sendas resoluciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Utuado, mediante las cuales, además de imponerle pena de reclusión por la comisión de los delitos por los cuales resultaron convictos, fueron condenados al pago de la pena especial dispuesta en la Ley Núm. 183 de 29 de julio de 1998, mejor conocida como *"Ley para la Compensación a Víctimas de Delito"* (en adelante *"Ley Núm. 183"*). Los peticionarios alegaron ser personas que carecen de recursos económicos para efectuar el pago. En su sentencia, el Tribunal de Primera Instancia expresó que Gabriel Vélez Ramos era indigente. A pesar de ello, el tribunal recurrido se negó a reconsiderar su dictamen respecto a la pena especial impuesta a los peticionarios.

Expedimos el auto solicitado y devolvemos los casos al Tribunal de Primera Instancia para que celebre vista o de cualquier otro modo reciba prueba a los fines de determinar si el peticionario, Gilberto Ramos Rosado, se encuentra en estado de indigencia. Por otra parte, se revoca la penalidad impuesta al peticionario Gabriel Vélez Ramos y se le exime de efectuar el pago de la pena especial dispuesta en la Ley Núm. 183, *supra.*

### I
Gilberto Ramos Rosado (Núm. KLCE-2000-00304)

El Ministerio Público presentó acusación por violación técnica contra el señor Ramos Rosado. El peticionario y el Ministerio Público acordaron disponer del caso mediante una alegación preacordada. El delito imputado se reclasificó al grado de tentativa. Posterior a dicha enmienda, el peticionario formuló alegación de culpabilidad por el delito así enmendado. El tribunal de instancia lo declaró culpable y le impuso una pena de reclusión de cinco (5) años. Además, le impuso el pago de trescientos dólares ($300.00) como pena especial a tenor con la Ley Núm. 183 de 29 de julio de 1998, *supra.*

El señor Ramos Rosado solicitó reconsideración de la pena especial impuesta bajo el fundamento de que siendo indigente, la imposición de dicha pena era contraria a sus derechos constitucionales. Pidió que se señalara una vista para determinar su indigencia. El Ministerio Público se opuso. El tribunal de instancia declaró Sin Lugar la solicitud del peticionario.

Gabriel Vélez Ramos (Núm. KLCE-2000-00305)

Contra el peticionario se presentaron dos acusaciones por escalamiento agravado. Luego de una alegación preacordada con el Ministerio Público, los delitos imputados fueron reclasificados al grado de tentativa. El señor Vélez Ramos hizo alegación de culpabilidad por los delitos enmendados. El tribunal de instancia lo declaró culpable y le impuso cuatro (4) años de reclusión en cada caso, a cumplirse de forma concurrentes entre sí. Le impuso, además, el pago de la pena especial de trescientos ($300.00) en cada caso, a tenor con la Ley Núm. 183, *supra.* El peticionario solicitó reconsideración de la pena especial impuesta, aduciendo que era indigente, conforme lo concluyó el tribunal de instancia, y pidió que se dejara sin efecto dicha imposición. El tribunal recurrido declaró Sin Lugar la solicitud de reconsideración.

Inconforme con la denegatoria del tribunal de instancia de reconsiderar su determinación, los peticionarios recurrieron ante esta Curia, arguyendo que la aplicación de la pena especial dispuesta en la Ley Núm. 183, *supra,* a convictos indigentes es inconstitucional.

### II
El propósito fundamental de la Ley Núm. 183 es balancear los intereses y derechos que tienen los acusados con aquéllos de las víctimas del crimen y sus familiares. Conforme con la política pública de la lucha contra la

criminalidad, la Asamblea Legislativa considera que es preciso garantizarle a las víctimas, durante el proceso criminal que se lleve contra el agresor, que tendrán el apoyo y asistencia necesaria de manera que dicho trámite no constituya un trauma adicional.

A esos efectos, la exposición de motivos de la referida ley establece que: *"Nada en la vida puede preparar a un ser humano para la tragedia que significa convertirse en víctima o perder un ser querido a manos de un criminal. La lucha por reconstruir su vida se torna más ardua, aun cuando, en el afán de salvaguardar los derechos del acusado, la balanza de la justicia se inclina a su favor, convirtiéndose la víctima y sus familiares en víctimas del sistema. La falta de recursos, los gastos de viaje, alimentos y alojamiento, las ausencias no compensadas del área de trabajo, así como los gastos médicos y de funeral, contribuyen a que la investigación y procesamiento criminal, así como la recuperación posterior, sean procesos angustiosos y frustrantes para las víctimas.*

*No obstante todos los esfuerzos realizados, éstos no estarían completos si se olvida a las personas que más sufren como resultado directo del crimen: la víctima y sus familiares. Hemos escuchado, a través de los años, voces en defensa del acusado; sin embargo, es momento de que comencemos a mover el péndulo a favor de las personas que son objeto de un crimen...".*

Exposición de Motivos, Ley Núm. 183 de 29 de julio de 1998.

La aprobación de la Ley Núm. 183 tuvo como consecuencia la enmienda de varias leyes. Entre ellas, se adicionó el Art. 49(c) al Código Penal de Puerto Rico, que impone una pena especial de $100.00 por cada delito menos grave y de $300.00 por cada delito grave que haya cometido un convicto, la cual se pagará mediante la cancelación de los correspondientes sellos de rentas internas. Las cantidades recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito, que crea la ley, el cual está adscrito al Departamento de Justicia. Estos fondos acumulados mediante la recaudación de la pena especial, serán utilizados para las víctimas de delitos y se concederán a éstos según lo dispone la ley y el reglamento. Art. 3, *et seq.*, Ley Núm. 183.

Como parte de las enmiendas que hace la Ley Núm. 183, se dispuso que los convictos, para poder ser elegibles al programa de desvío o tratamiento, deben cumplir con el pago de la pena especial, al igual que para ser acreedores de los beneficios de bonificaciones por buena conducta, trabajo y estudio. Art. 18-20, Ley Núm. 183, *supra*; Art. 10A, Ley Núm. 116 de 22 de julio de 1974; Art. 49C, Ley Núm. 115 de 22 de julio de 1974.

Cónsono con la política pública antes reseñada, la Asamblea Legislativa enmendó la Ley de Libertad a Prueba a los fines de que la persona que cualifique para ésta, debe haber satisfecho la pena especial que dispone el Art. 49C del Código Penal. Art. 21, Ley Núm. 183, *supra*; Art. 2A, Ley Núm. 259 de 3 de abril de 1946.

Un análisis de la referida ley, nos arroja luz respecto a una clara política pública del Estado dirigida a crear un sistema de compensación a víctimas de delitos, creando la estructura adninistrativa para cumplir con la misiva y proveyendo, a su vez, la fuente fiscal para su operación a través del pago de la pena especial. Esta ley sigue la política pública esbozada previamente en la Ley de Protección y Asistencia a Víctimas y Testigos. Ley Núm. 77 de 9 de julio de 1986; 25 L.P.R.A. §972, *et seq.*

Cabe señalar que la ley objeto de estudio, surgió en consideración al estatuto federal conocido como *"Victims of Crime Act of 1984"* según enmendada, por el *"Antiterrorism, and Effective Death Penalty Act"*. Ley Pública 100-690 de 18 de noviembre de 1988, según enmendada. Informe conjunto, Cámara de Representantes, 25 de junio de 1998. Véase, 18 U.S.C.A.§3013.

### III
Comentado el alcance y la política pública en la cual se ampara la Ley Núm. 183, procedemos a estudiar la

misma bajo el cedazo de nuestro ordenamiento constitucional. Advertimos, sin embargo, que no podemos examinar la constitucionalidad de una ley sin antes determinar si ello en realidad es meritorio y necesario.

Si bien es cierto que de las tres ramas del gobierno, le compete a la Rama Judicial ser el intérprete de la Constitución y las leyes, no es menos cierto que existe un criterio de abstención o autolimitación judicial para mantener el delicado balance de poderes que encarna nuestro sistema republicano de gobierno. *P.P.D. v. Hon. Pedro Rosselló,* ___ D.P.R. ___ (1995), **95 J.T.S. 165**, opinión de 22 de diciembre de 1995, pág. 445; *E.L.A. v. Aguayo*, 80 D.P.R. 552 (1958).

Cuando se cuestiona la validez de una ley o se suscita alguna duda sobre su constitucionalidad, es principio cardinal de derecho que los tribunales se aseguren que no existe otra posible interpretación razonable de la ley. *Caquías Mendoza v. Asociación de Residentes,* ___ D.P.R. ___ (1993) **93 J.T.S. 127,** opinión de 25 de agosto de 1993, pág. 11072.

Los tribunales deberán abstenerse de declarar un estatuto inconstitucional, a menos que sea estrictamente necesario y que la controversia bajo su consideración no pueda ser adjudicada por otros fundamentos. *Pueblo v. Yip Berríos,* ___ D.P.R. ___ (1997), **97 J.T.S. 14,** opinión de 30 de enero de 1997.

Como principio de hermenéutica, las leyes deben interpretarse de manera congruente a la intención legislativa, por deferencia a la interpretación inicial de la Constitución que hacen las demás ramas del gobierno. *Misión Industrial v. Junta de Planificación,* ___ D.P.R. ___ (1998), **98 J.T.S. 79**, opinión de 30 de junio de 1998. Si se puede resolver la controversia presentada ante el tribunal por otra interpretación, sin entrar al planteamiento de constitucionalidad de la ley, éste debe ser el curso decisorio del tribunal como norma de abstención o autolimitación. *Milán v. Muñoz,* 110 D.P.R. 610 (1981).

Un tribunal debe hacer lo posible para evitar dictámenes precipitados en alegaciones sobre la inconstitucionalidad de una ley y sólo debe decidir las mismas cuando no pueda disponer del caso de otra manera. Debe abstenerse de adjudicar planteamientos constitucionales, si puede resolverse el caso: (1) mediante un análisis legal válido; (2) en armonía con los criterios de las partes y en consonancia con los mejores fines de la justicia; (3) de existir una interpretación razonable que permita soslayar la cuestión constitucional; y (4) pueda resolver la controversia por otros fundamentos. *Domínguez Maldonado v. E.L.A.,* ___ D.P.R. ___ (1995), **95 J.T.S. 16**, opinión de 9 de febrero de 1995; *Molina v. C.R.U.V.,* 114 D.P.R. 295 (1983). (Citas omitidas.)

Los estatutos penales deben analizarse restrictivamente sin menoscabo de la intención legislativa. Estos deben interpretarse de manera razonable de acuerdo con el propósito legislativo, sin llegar a consecuencias absurdas y aplicarse en comunión con el propósito social que las inspira, sin desvincularlas de la realidad y del problema humano que persiguen resolver. *Pueblo v. Zayas Rodríguez,* ___ D.P.R. ___ (1999), **99 J.T.S. 16**, opinión de 17 de febrero de 1999.

Tomando como norte el marco jurídico antes esbozado, procedemos a evaluar la constitucionalidad de la Ley Núm. 183.

## IV

El Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, prohibe expresamente en su Carta de Derechos que una persona sea encarcelada por deuda. Esta cláusula coloca la libertad de la persona por encima de los valores materiales y rechaza la posibilidad de que una persona reciba un castigo mayor por no tener recursos económicos. *Diario de Sesiones de la Convención Constituyente de Puerto Rico,* Tomo 4, Ed. Equity, 1961, pág. 2571.

La única excepción reconocida por el Tribunal Supremo a la prohibición de encarcelamiento por deuda, ha sido aquellos casos de manutención de menores, bajo el fundamento de que tales situaciones están revestidas de

un alto interés público. *Srio. DACO v. Comunidad San José, Inc.,* 130 D.P.R. 782 (1992); *Viajes Ledesma, Inc. v. Saavedra,* 115 D.P.R. 703 (1984).

El Tribunal Supremo de Puerto Rico ha sido enfático al expresar que dentro de nuestro ordenamiento constitucional, un convicto indigente no puede ser sometido, por tal razón, a una penalidad mayor que la que afrontaría una persona que tuviera los medios económicos, bajo la garantía de la igual protección de las leyes. Art. II, Sec. 7, Constitución del Estado Libre Asociado de Puerto Rico; *Vázquez v. Caraballos,* 114 D.P.R. 272 (1983); Véase, además, *Tate v. Short,* 401 US 395 (1971).

Dentro de nuestro esquema constitucional, un convicto indigente no puede estar expuesto a un castigo mayor que aquél que tiene los medios económicos, pues ello atenta contra los principios de que todas las personas son iguales ante la ley y que la dignidad del ser humano es inviolable. Art. II, Sec. 1, Constitución del Estado Libre Asociado de Puerto Rico.

A un litigante indigente que toca las puertas de los tribunales, no se le puede privar de sus derechos por tal condición, ni de estar en igualdad de condiciones que los demás litigantes. *Reyes Martínez v. Oriental Federal Savings Bank, etc.,* ___ D.P.R. ___ (1993), **93 J.T.S. 50,** opinión de 7 de abril de 1993.

A la luz del derecho aplicable, resolvemos que la Ley Núm. 183 cumple con los parámetros establecidos en nuestra Constitución.

El estatuto establece que todo convicto deberá pagar la pena especial para ser acreedor a los beneficios de bonificaciones por buena conducta, trabajo y estudio. El objetivo de la ley es proteger a las víctimas del crimen, brindándoles apoyo y asistencia adecuada.

Sin lugar a dudas, existe una política pública del Estado dirigida a proteger a las víctimas de delitos penales. Hay un interés de que las personas perjudicadas de delitos, tengan la seguridad de que si acusan a los infractores, estarán protegidos contra represalias y que el Estado tratará de evitar al máximo el trauma que se provoca al estar envuelto en un proceso criminal.

También existe el firme propósito de que las víctimas sean resarcidas por los daños físicos sufridos en su persona y a sus propiedades. A tales efectos, se creó el Fondo Especial de Compensaciones a Víctimas de Delito y una estructura para darle vida a dicha política pública. Además, a todo convicto se le impondrá una pena especial, cuyo producto será parte del fondo especial de víctimas.

Conforme a nuestro esquema constitucional, un convicto no puede recibir un castigo mayor por ser indigente, pues ello constituye un discrimen contra las personas de limitados recursos económicos.

Lo anterior, forzosamente nos lleva a concluir que la pena especial estatuida no le es oponible a los convictos indigentes que no tienen la capacidad económica para hacer el pago de la pena especial. Además, no se puede privar a los convictos indigentes de los beneficios y programas de desvíos, tratamiento y rehabilitación, por no pagar la pena especial. De lo contrario, estaríamos exponiendo a los convictos indigentes a un castigo mayor por su condición de indigente, lo cual está proscrito por nuestra Constitución.

Mediante esta interpretación, se sostiene la política pública dispuesta por el legislador a favor de las víctimas de delitos y se salvaguarda la garantía constitucional de la igual protección de las leyes de los convictos de delitos que sean indigentes.

## V

Determinada la constitucionalidad de la Ley Núm. 183 y su aplicación a los casos de convictos indigentes, nos resta discutir los criterios a utilizarse para determinar el estado de indigencia de una persona expuesta a un

procedimiento judicial.

A los fines de determinar si una persona es o no indigente, nuestro ordenamiento legal ha considerado varios factores, entre los que se encuentran: el ingreso devengado por la persona, luego de efectuadas las deducciones requeridas por ley; la habilidad económica del individuo para mantener su hogar, empleo, cubrir sus gastos y pagar deudas; y su estilo de vida. Reglamento para la asignación de abogados o abogadas de oficio en procedimientos de naturaleza penal, aprobado por el Tribunal Supremo de Puerto Rico el 30 de junio de 1998; Cf. *Guadalupe Viera v. Morell,* 11, 5 D.P.R. 4 (1983).

Estos criterios deben ser analizados por el tribunal para poder concluir si un convicto es o no indigente. A tales fines, puede celebrar una vista donde se presente prueba testifical o documental para sustentar la alegación de indigencia. La determinación inicial de indigencia se puede realizar a base de documentación; sin embargo, puede ser útil interrogar a la persona alegadamente indigente en relación con la misma y corroborar la veracidad de la documentación presentada.

Entendemos pertinente resaltar que el criterio de indigencia que se toma en consideración para que el convicto pueda ser representado por la Sociedad para la Asistencia Legal o cualquier otra representación legal pro bono similar, no puede extenderse automáticamente para determinar la indigencia relacionada al pago de la pena especial impuesta por la Ley Núm. 183. Se debe analizar la indigencia en relación a las cuantías específicas de la pena especial y la capacidad de pago.

Lo anterior conlleva un análisis a realizarse de caso a caso. Ello debido a que puede surgir la situación de que una persona cualifique como indigente para propósitos de recibir asistencia legal, no obstante, tenga solvencia económica para el pago de la pena especial que corresponda. De darse tal particularidad, procede se imponga el pago de la pena especial.

Para que el tribunal de instancia pueda llegar a una conclusión acertada respecto a la indigencia del convicto, o por el contrario, la capacidad económica de éste para el pago de la pena especial, debe celebrar una vista o recibir prueba documental que lo lleve a emitir un dictamen a tales efectos. Al así hacerlo, el tribunal estará en una mejor posición para disponer si procede el dictar la imposición de la pena especial.

De declararse la indigencia del convicto, privará de los beneficios a los cuales tienen derecho los demás convictos que paguen la pena especial. Esta determinación de indigencia es un acto judicial que no puede delegarse a ninguna institución privada.

## VI

Habida cuenta de lo anterior, se expide el auto de *certiorari* solicitado y se revocan las resoluciones recurridas.

Se devuelven los casos al Tribunal de Primera Instancia para que celebre vista o reciba prueba a los efectos de determinar si el peticionario Gilberto Ramos Rosado debe considerarse indigente para el pago de la pena especial. Una vez realizada dicha determinación, el tribunal *a quo* procederá conforme a lo resuelto en esta sentencia.

Por otro lado, tomando en consideración que el tribunal de instancia determinó el estado de indigencia del señor Gabriel Vélez Ramos, se le exime a éste del pago de la pena especial dispuesta en la Ley Núm. 183, *supra.*

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General