## 57323. FONG v. THE STATE.

WEBB, Presiding Judge.

On a nolo contendere plea to an indictment for the offense of theft by taking, Fong was placed on probation for a period of three years. An agreed upon condition of the probation was restitution in the amount of $22,000 payable $3,666.66 by September 5 (3 months after the probation sentence) and thereafter $1,222.22 monthly until paid. Fong never paid anything. His probation was revoked to serve one year and he appeals.

1. Relying on Barnett v. Hopper, 548 F2d 550 (5th Cir. 1977) and other like cases, Fong argues that his indigency precluded him from paying and this cannot serve as the basis for his parole revocation. Those cases deal with a fine or jail situation under Code Ann. §§ 27-2709 and 27-2530. Here the defendant and the trial judge agreed on restitution as a condition of his probated sentence. Even so, the Supreme Court in upholding a probation revocation for failure to pay a fine has stated: "We do not think that a defendant should be able to mislead the court as to ability to pay a fine, thus inducing an alternate sentence, and later seek to rely upon constitutional safeguards to avoid punishment." *Hunter v. Dean,* 240 Ga. 214, 220 (239 SE2d 791) (1977). There was evidence that Fong was able to pay other bills and he continued to operate his business and pay business expenses. Only "slight evidence" is required to authorize revocation. *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649) (1975).

2. Fong agreed on the amount and terms of restitution in exchange for his probated sentence. His

arguments that these conditions were "improperly constituted" are specious. If the amount of restitution was established erroneously, it was clearly induced, and Fong will not now be permitted to complain. *Reynolds v. State,* 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

3. We have studied the transcript of the revocation hearing and find no comments of the trial judge amounting to an abuse of discretion. Indeed, it was conducted with far more than the informal and summary procedures normally employed in revocation hearings. See *Wellons v. State,* 144 Ga. App. 218, 219 (1) (240 SE2d 768) (1977).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MARCH 5, 1979 — DECIDED MARCH 8, 1979 — REHEARING DENIED MARCH 22, 1979 —

*Garland, Nuckolls, Kadish & Cook, Edward T. M. Garland, William M. Warner,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, Assistant District Attorneys,* for appellee.