# 2004 DTA 110

## TRIBUNAL DE CIRCUITO DE APELACIONES
## REGIÓN JUDICIAL DE MAYAGÜEZ

EL PUEBLO DE PUERTO RICO
Recurrido

v.

REYNALDO ALONSO SANTIAGO
Peticionario

Núm. KLCE-04-00493

San Juan, Puerto Rico, a 21 de mayo de 2004

Panel integrado por su Presidenta, la Juez López Vilanova,
y los Jueces Córdova Arone y González Rivera

González Rivera, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Reynaldo Alonso Santiago acude mediante recurso de *certiorari* para cuestionar una sentencia del Tribunal de Primera Instancia, Sala de Mayagüez, que le revocó el privilegio de libertad a prueba. Dicho privilegio se le concedió como parte de un programa de desvío, tras ser hallado culpable de los delitos contenidos en los artículos 3.1 y 3.3 de la Ley de Violencia Doméstica. Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 L.P.R.A. 631 y 633 respectivamente.

Al revocar el privilegio, el tribunal dictó sentencia, lo condenó a cumplir nueve meses de cárcel por ambos delitos, a cumplirse en forma concurrente entre sí. Esta determinación se fundamentó en el incumplimiento del probando con varias de las condiciones que le fueron impuestas al concederle el privilegio de libertad a prueba. Inconforme con el dictamen, el apelante plantea que el tribunal incidió al revocarle la libertad a prueba. Sostiene que razones económicas le llevaron a incumplir con las condiciones que le fueron impuestas.

Por tratarse de una sentencia, acogemos el presente recurso como una apelación. De ese modo, confirmamos el dictamen del foro de instancia.

**I**

El 18 de mayo de 2003, el señor Alonso fue acusado por infringir la Ley de Violencia Doméstica, Ley Núm. 54, *supra*, al agredir a su compañera, Glendaliz Rosado Zapata. El 13 de junio del mismo año, el tribunal paralizó los procedimientos y le concedió el privilegio de libertad a prueba de acuerdo a lo dispuesto en el Artículo 3.6 de la Ley Núm. 54, *supra*, 8 L.P.R.A. 636. Como parte de las condiciones que le fueron impuestas, debía someterse a un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante. Además, el tribunal le impuso varias condiciones generales, entre las que se encontraban: (1) cooperar con el Técnico de Servicios Sociopenales para la evaluación de su caso, proveer la información que se le solicite, no ocultarse ni mentir acerca de sus actividades; (2) ingresar al programa de reeducación y readiestramiento para personas que incurren en conducta maltratante hasta su total rehabilitación, y (3) cooperar con las autoridades del programa, cumpliendo con las cláusulas del contrato de participación, someterse a todos los exámenes de laboratorio, médicos, psiquiátricos o psicológicos necesarios para lograr la reeducación.

Asimismo, el apelante debía cumplir con unas condiciones especiales. Las mismas consistían en: (1) asistir a la evaluación ofrecida por el Programa de Alternativas Sicoeducativas y completar dicho programa; (2) asistir a las evaluaciones de ASSMCA y de ser necesario, recibir tratamiento, y (3) someterse a pruebas toxicológicas para detectar el uso de sustancias controladas y costear las mismas.

El 17 de octubre de 2003, la Técnico de Servicios Sociopenales, Lourdes Cruz Valentín, emitió un informe dirigido al Fiscal de Distrito en el que indicaba que el señor Alonso había incumplido con las condiciones

impuestas por el tribunal. Surge de dicho informe que el 17 de julio de 2003, la señora Rosado Zapata se quejó de que el señor Alonso se había ido de su casa y que le había proferido insultos con palabras soeces.

Al día siguiente, la señora Rosado Zapata solicitó una orden de protección en el Tribunal Municipal de Lajas. No obstante, el caso fue archivado, toda vez que la magistrado que atendió el caso, concluyó que no existía una causa que justificara la orden.

Igualmente, se desprende del informe que posteriormente el señor Alonso fue suspendido del Programa de Reeducación y Readiestramiento de Agresores Domésticos debido a un serio patrón de ausentismo. Así las cosas, se le estableció un plan de acción para que asistiera al referido programa, pero el día indicado para comenzar su clase, firmó el libro de control y abandonó el área.

El señor Alonso asistió sólo a dos clases por la cual debía al Programa $50.00. Se comprometió a pagar su deuda y asistir a las clases, pero no cumplió con su promesa. Tampoco se realizó las pruebas de dopaje ni regresó a las evaluaciones de ASSMCA, donde le recomendaron que obtuviera la tarjeta de la reforma de salud y volviera para ser evaluado. Justificó su proceder en que no tenía dinero.

Finalizó la técnico de servicios sociopenales su informe indicando que el señor Alonso había violado las condiciones generales 1, 2, 3 y todas las condiciones especiales que le fueron impuestas. Tras juramentar dicho informe, el 29 de diciembre de 2003, el Fiscal de Distrito presentó una moción al Tribunal en el cual solicitó la revocación de la libertad a prueba.

A petición de la defensa, la vista inicial fue consolidada con la final el 12 de marzo de 2004. Como testigo del Ministerio Público, declaró el Técnico de Servicios Sociopenales Wilson Caraballo Vélez, quien estaba a cargo de la supervisión del probando. Por la defensa, declararon la señora Rosado Zapata y el propio apelante. El foro de instancia contó con el beneficio del informe de la técnico de servicios sociopenal.

Tras evaluar la totalidad de la prueba presentada, el tribunal apelado concluyó que, en efecto, el probando violó las condiciones generales 1, 2, 3 y todas las especiales. En consecuencia, dejo sin efecto la resolución del 13 de junio de 2003 y procedió a dictar sentencia declarando al señor Alonso culpable y convicto de los delitos imputados. Impuso nueve (9) meses de reclusión penitenciaria en cada caso, penas a ser cumplidas en forma concurrentes entre sí. A la par, ordenó el pago de un comprobante de $300.00, según dispone la Ley Núm. 183 en uno de los casos y le eximió de dicho pago en el otro caso.

Inconforme con el dictamen del foro de instancia, el señor Alonso acude ante nos. Imputa en su recurso como único error que no se tomara en cuenta que el incumplimiento con las condiciones de la libertad a prueba se debió a razones económicas. Argumenta que el tribunal no debió revocarle la sentencia suspendida, por no tener dinero para pagar las clases del Programa de Reeducación y Readiestramiento, las cuales tenían un costo de $25.00 semanales y él sólo se ganaba $50.00 haciendo faenas agrícolas. Alega, además, que con lo poco que ganaba tenía que comprar medicamentos para la condición de ceguera de su pequeña hija.

## II

La violencia doméstica es un comportamiento antisocial que constituye un serio problema para la familia puertorriqueña. Consciente de sus efectos, la Asamblea Legislativa ha evaluado distintas iniciativas de legislación para atender este problema y buscar alternativas viables para erradicar esta conducta, que necesariamente no se limiten a establecer determinados castigos al ofensor. Véase, Exposición de Motivos de la Ley para la Prevención e Intervención con la Violencia Doméstica, Ley 54 del 15 de agosto de 1989; 8 L.P.R.A. §§ 601 *et seq.*

La Ley para la Prevención e Intervención con la Violencia Doméstica, *supra,* fue creada para proteger la

vida, la seguridad y la dignidad de hombres y mujeres. A través de esta política pública, se propicia el desarrollo, establecimiento y fortalecimiento de remedios eficaces para ofrecer protección y ayuda a las víctimas, alternativas para la rehabilitación de los ofensores y estrategias para la prevención de la violencia doméstica. *Pueblo v. Rodríguez Velázquez,* **2000 J.T.S. 158**, op. 3 de octubre de 2000. Véase, además el Artículo 1.2, 8 LPRA § 601, en cual se establece la política pública.

La Ley Núm. 54, *supra,* establece un programa de desvío para ofensores que han sido acusados por primera vez. A tales efectos, el Artículo 3.6, 8 L.P.R.A. § 636, dispone, en lo pertinente:

"*...El tribunal podrá, motu propio o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja...*

*Si la persona beneficiada con la libertad a prueba que establece esta sección incumpliere con las condiciones de la misma, el tribunal previo celebración de vista podrá dejar sin efecto la libertad a prueba y procederá a dictar sentencia...*". (**Énfasis nuestro**).

Mediante la concesión de este beneficio, el tribunal suspende la ejecución de la sentencia y permite al convicto de delito quedar en libertad durante todo o parte del término de la pena, sujeto a que éste observe buena conducta y cumpla con todas aquellas restricciones que el tribunal le imponga. *Pueblo v. Rodríguez Velázquez, supra.*

Existe una diferencia entre el programa de desvío de la Ley Núm. 54 y la sentencia suspendida. Esta estriba en que, bajo el programa de desvío, no se dicta sentencia, lo que significa que queda suspendido el procedimiento hasta tanto otra cosa disponga el tribunal. De incumplirse alguna condición del desvío, entonces el tribunal revocará el beneficio y procederá a dictar la sentencia que estime correspondiente. En cambio, bajo la Ley de Sentencias Suspendidas, se dicta sentencia contra una persona y luego de dictada, se suspenden los efectos de la sentencia. Sin embargo, no cabe duda que el desvío de la Ley Núm. 54 es un programa de libertad a prueba análogo a la sentencia suspendida. *Id.*

Se ha resuelto que la probatoria no debe revocarse por incumplir la condición de restitución u otras condiciones análogas, cuando el incumplimiento no ha sido voluntario, sino que se ha debido a las limitaciones económicas del probando. No obstante, si el probando no demuestra su falta de recursos o si por el contrario se prueba que tenía los medios para cumplir y que aún así no lo hizo, entonces ha de entenderse que la violación es intencional y procede la revocación de la probatoria. *Vázquez v. Caraballo,* 114 D.P.R. 272 (1983).

De ahí que nuestro más Alto Foro expresara en *Vázquez v. Caraballo, supra:*

"*En el presente caso, la peticionaria presentó prueba de que su incumplimiento se debía exclusivamente a su estrecha situación económica y de que había hecho un esfuerzo de buena fe para no incumplir. Su oficial probatorio también testificó que había dado cumplimiento al resto de las condiciones. En estas circunstancias quedaba excluido el que la violación de la condición fuera intencional. Por lo tanto, no procedía la revocación de la probatoria, sino, por el contrario, lo apropiado era una nueva revisión de la condición impuesta.*"

A tono con lo anterior, en *Pueblo v. Rodríguez Velázquez, supra,* el probando no acudía a las citas con el oficial probatorio, tampoco a las que tenía en el instituto, utilizaba bebidas alcohólicas, cometió un nuevo delito de maltrato agravado y tenía un caso pendiente de amenaza. Ante tales circunstancias, el Tribunal Supremo expresó: *Una persona que no es lo suficientemente responsable como para cumplir con las condiciones de un programa de libertad a prueba bajo la Ley 54, y que para colmo de males incurre en nueva conducta delictiva*

*bajo esa misma ley o delitos relacionados, ha demostrado que no es acreedor a tal privilegio.* De ahí que el alto foro resolvió que una persona que comete una infracción a la Ley Núm. 54, *supra*, o delitos relacionados a dicha ley mientras disfruta del privilegio de un programa de desvío bajo la Ley Núm. 54, *supra*, no podrá disfrutar de una sentencia suspendida.

## III

Al celebrarse la vista para la revocación de la libertad a prueba, el Tribunal de Instancia tuvo la oportunidad de ver y escuchar el testimonio del señor Alonso y a su compañera Glendaliz Rosado Zapata. Por otro lado, escuchó también el testimonio del Técnico de Servicios Sociopenales Wilson Caraballo Vélez y tuvo ante sí el informe de la Técnico de Servicios Sociopenales, Lourdes Cruz Valentín.

Del referido informe surge que el 17 de julio de 2003, la señora Rosado Zapata fue a la oficina de los Técnicos de Servicios Sociopenales y manifestó allí que el señor Alonso le había proferido insultos mediante el empleo de palabras soeces. Al día siguiente, la señora Rosado Zapata solicitó una orden de protección en el Tribunal Municipal de Lajas.

Asimismo, se desprende del informe que con posterioridad a dicho incidente, el señor Alonso fue suspendido del Programa de Reeducación y Readiestramiento de Agresores Domésticos por ausentarse constantemente al mismo. Aun habiéndole establecido un plan de acción para que asistiera al referido programa, el día indicado para comenzar su clase, firmó el libro de control, pero abandonó el área.

De igual modo, el mencionado informe indica que el señor Alonso solamente asistió a dos clases por lo cual debía $50.00. Tras confrontarlo, se comprometió a pagar su deuda y asistir a las clases. Se le preparó un plan de acción e incumplió sus promesas de cumplimiento. No regresó a ASSMCA, para evaluación ni tampoco se realizó la prueba de dopaje de la alegada falta de dinero.

El tribunal de instancia tuvo ante sí prueba del constante incumplimiento del señor Alonso con las condiciones impuestas. Dicha evidencia le mereció entero crédito al juzgador de los hechos. Habida cuenta de que los apelantes no demostraron que el foro apelado incurrió en pasión, prejuicio, parcialidad o error manifiesto al apreciar la prueba testifical, no intervendremos dicha apreciación. *Pueblo v. Irizarry Irizarry*, **2002 J.T.S. 68**, op. 10 de mayo de 2002; *Pueblo v. Dávila Delgado*, 143 D.P.R. 157 (1997); *Pueblo v. Chévere Heredia*, 139 D.P.R. 1 (1995); *Pueblo v. Falcón Negrón*, 126 D.P.R. 75(1990).

Por todos es conocido que la apreciación de prueba del tribunal de primera instancia es merecedora de gran deferencia por parte del tribunal apelativo *Pueblo v. Falcón Negrón, supra.* Ello es así porque ese juzgador es quien, de ordinario, está en mejor posición para aquilatar la prueba testifical desfilada, ya que él fue quien oyó y vio declarar a los testigos. *Pueblo v. Dávila Delgado, supra; Pueblo v. Chévere Heredia, supra; Pueblo v. Bonilla Romero,* 120 D.P.R. 92 (1987). No debemos olvidar que la evidencia directa de un testigo que merezca entero crédito es prueba suficiente de cualquier hecho. Regla 10 de Evidencia, 32 L.P.R.A. Ap. IV.

Contrario al caso de *Pueblo v. Rodríguez Velázquez, supra,* en el que la parte presentó prueba de que su incumplimiento se debía a su situación económica y su oficial probatorio testificó que había dado cumplimiento al resto de las condiciones, en el caso que nos ocupa, no hubo tal prueba. Si bien el señor Alonso expresó no tener dinero para pagar las clases, se comprometió a hacerlo en otras fechas y no lo hizo. Por otro lado, asistió a una reunión, firmó y se fue. Tampoco volvió a ASSMCA, luego de comprometerse a solicitar la tarjeta de la Reforma de Salud para que cubriera su evaluación en el programa.

Estas actuaciones reflejan una violación intencional de las condiciones impuestas y denotan un claro menosprecio a la oportunidad de rehabilitación que le ofrecen los programas de reeducación. Somos del criterio de que la mera alegación de escasez de medios económicos, sin más, no es suficiente justificación para el

incumplimiento con las condiciones impuestas por el tribunal al concederle el privilegio de la libertad a prueba.

A la luz de la totalidad de las circunstancias expuesta, el reiterado incumplimiento con las condiciones de la libertad a prueba, más que necesidad económica, revelan desidia y falta de respeto a las órdenes del tribunal. Siendo así, actuó correctamente el tribunal sentenciador al revocarle el privilegio concedido procediendo a dictar sentencia apelada. Por consiguiente, confirmamos la misma.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General