ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CHRISTIAN BELLO COLÓN<br><br>Parte Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Parte Recurrida | KLRA202300503 | *Revisión Administrativa* procedente de la Administración de Corrección y Rehabilitación<br><br>Caso Adm. Núm. 147403<br><br>Sobre: No concesión del privilegio bajo palabra-Volver a Considerar |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de noviembre de 2023.

Comparece ante nos el Sr. Christian Bello Colón (en adelante, Sr. Bello Colón) mediante un *Escrito de Revisión Judicial* y nos solicita la revisión de la *Resolución* emitida el 20 de julio de 2023 por la Junta de Libertad Bajo Palabra (en adelante, Junta). Mediante este dictamen, la Junta le denegó al Sr. Bello Colón el privilegio de libertad bajo palabra.

Por los fundamentos que expondremos, se confirma la *Resolución* recurrida.

**I.**

El 26 de junio de 2023, se celebró una *Vista de Consideración*[1] ante la Junta, a la cual compareció el Sr. Bello Colón por derecho propio, mediante el sistema de videoconferencia, para ser evaluado con relación a la concesión de libertad bajo palabra.

---

[1] La citación a la Vista de Consideración fue diligenciada el 1 de junio de 2023.

Número Identificador

SEN2023 _____

El 20 de julio de 2023, la Junta emitió la *Resolución*[2] recurrida, notificada el 10 de agosto de 2023[3], en la cual realizó las siguientes determinaciones de hechos:

### DETERMINACIONES DE HECHOS

1. El peticionario se encuentra cumpliendo sentencia de 13 años por infracción al Art. 182 (apropiación ilegal agravada)[,] y 228 (utilización [sic.] ilegal de tarjetas de crédito) del Código Penal, infracción al Art. 5.04 (portación y uso de arca sin licencia) de la Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, infracción al Art. 404 (posesión de sustancias controladas)[,] dos (2) casos de la Ley Núm. 4 de 23 de junio de 1971, según enmendada y tentativa al Art. 3.1 (maltrato) de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada.

2. Conforme a la totalidad del expediente, tentativamente extingue su [S]entencia el 22 de diciembre de 2029.

3. El peticionario se encuentra en nivel de custodia de mínima seguridad desde el 9 de diciembre de 2020.

4. El peticionario por su historial social ha tomado tratamiento contra el uso de narcóticos Trastorno Adictivos finalizándolo el 26 de junio de 2020.

5. El peticionario fue evaluado por NRT en el 2021. En las Recomendaciones dada por dicha entidad se indica que tiene que ser referido a tomar terapias individuales como seguimiento a los hallazgos encontrados.

6. El peticionario ha propuesto hogar para pernoctar que fue investigado y fue aceptado. Sin embargo, no propuso oferta de trabajo ni candidato para fungir como amigo consejero.

7. El peticionario se encuentra laborando en brigadas en la Institución donde está ingresado.

En su dictamen la Junta dispuso lo siguiente:

En el caso que nos ocupa, el peticionario se encuentra en nivel de custodia de mínima seguridad desde el 9 de diciembre de 2020. Por su historial social ha tomado tratamiento contra el uso de narcóticos Trastornos Adictivos finalizándolo el 26 de junio de 2020. Fue evaluado por la SPEA en el 2021, en las recomendaciones dadas por dicha entidad se indica que tiene que ser referido a tomar terapias individuales como seguimiento a los hallazgos encontrados. Ha propuesto hogar para pernoctar que fue investigado y fue aceptado. **Sin embargo, no propuso oferta de trabajo ni candidato para fungir como amigo consejero**, actualmente se encuentra laborando en brigadas en la Institución donde está ingresado. **Tomando en consideración todos los factores del presente caso, consideramos que el peticionario no**

---

[2] Anejo 1 del *Escrito de Revisión Judicial*.
[3] La fecha de la notificación surge de la copia certificada del expediente administrativo del caso Núm. 147403.

> **cualifica para beneficiarse del privilegio de libertad bajo palabra.**
> [...]
> Se dispone no conceder el privilegio de libertad bajo palabra a CHRISTIAN BELLO COLÓN. Este caso volverá a ser considerado para el mes de mayo de 2024, fecha para la cual el Departamento de Corrección y Rehabilitación deberá someter Informe de [A]juste y [P]rogreso con el plan de salida debidamente corroborado.[4] (Énfasis suplido.)

El 29 de agosto de 2023, el Sr. Bello Colón presentó ante la Junta *Reconsideración.*[5] En su escrito de reconsideración alegó la parte aquí recurrente que las ofertas de empleo propuestas le fueron entregadas mediante carta a le técnico socio penal, la Sra. Lizette Valle, pero no llegó al expediente, y que con relación al amigo consejero propuesto fue entrevistado y juramentado en el área de sociales de la Institución Centro de Detención del Oeste en Mayagüez, por lo cual la determinación de la Junta no estuvo basada en el expediente. A su moción en solicitud de reconsideración, el Sr. Bello Colón le anejo copia de las tres (3) cartas siguientes: (a) carta fechada 13 de abril de 2023 del Sr. John M. Pérez González proponiéndose como amigo consejero; (b) dos (2) cartas fechadas de 20 de abril de 2023 del Sr. Edgar Ramos y el Sr. Giovanny Castillo Colón sobre ofertas de empleo.

El 15 de septiembre de 2023, la Junta declaró No Ha Lugar la solicitud de reconsideración presentada por la parte aquí recurrente.

Aun inconforme con esta determinación de la Junta, el Sr. Bello Colón acudió ante nos el 25 de septiembre de 2023 mediante el presente *Escrito de Revisión Judicial,* en el cual señala, en esencia, que erró la Junta al denegarle el privilegio de libertad bajo palabra por falta de ofertas de empleo y amigo consejero. El 29 de septiembre de 2023, mediante *Resolución* se le ordenó a la Oficina

---

[4] *Id.*
[5] Véase copia certificada del expediente administrativo del Caso Núm. 147403.

del Procurador General en representación de la Junta que se expresara en el término de diez (10) días en cuanto al recurso de revisión judicial presentado.

El 12 de octubre de 2023, la Junta, representada por la Oficina del Procurador General, compareció ante nos mediante la presentación de un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. Así las cosas, el 25 de octubre de 2023 dictamos *Resolución* concediéndole a la Junta un término de diez (10) días para presentar copia del expediente administrativo del Caso Número: 147403. El 6 de noviembre de 2023, la Junta presentó *Moción en Cumplimiento de Resolución* mediante la cual presentó copia del expediente administrativo.

Contando con el beneficio de la comparecencia de las partes, así como con la copia del expediente administrativo procedemos a resolver.

**II.**

**A. Revisión judicial de determinaciones administrativas**

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobre v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. J.C.A.*, 149 DPR 263, 279-280 (1999).

Nuestro Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de las agencias serán

sostenidas por el tribunal, si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobre v. Jta. Directores, supra,* pág. 216, citando a *Pereira Suárez v. Jta. Dir Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors, Inc.*, 148 DPR 387, 397-398 (1999). La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.*, citando a *Pereira Suárez v. Jta. Dir Cond., supra; Otero v. Toyota*, 163 DPR 716, pág. 728. Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota, supra,* pág. 728 (2005). En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz*

*Auto Corp.*, 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. de H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

**B. Junta de Libertad Bajo Palabra**

Mediante la Ley Núm. 118 de 22 de Julio de 1974, según enmendada, conocida como la *Ley de la Junta de Libertad Bajo Palabra*, 4 LPRA sec. 1501 *et seq.*, según enmendada, (en adelante, Ley de la JLBP) se creó la Junta de Libertad Bajo Palabra. Esta está adscrita al Departamento de Corrección y Rehabilitación, según establece su Art. 1, 4 LPRA sec. 1501. Dicha entidad, posee autoridad para "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico". Véase: Art. 3 de la Ley Núm. 118 de 22 de Julio de 1974, 4 LPRA sec. 1503. "La libertad bajo palabra será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes permitan a la Junta creer, con razonable certeza que tal medida habrá de ayudar a la rehabilitación del delincuente". *Íd.* De esta forma, se permite que una persona convicta y sentenciada a un

término de reclusión cumpla la última parte de su sentencia fuera de la institución penal, "sujeto al cumplimiento de las condiciones que se impongan para conceder la libertad". *Maldonado Elías v. González Rivera*, 118 DPR 260, 275 (1987). (Énfasis nuestro). Al conceder el privilegio de libertad bajo palabra, la Junta puede imponer las condiciones que estime necesarias. De esta forma, el liberado tiene una libertad cualificada, pues dichas condiciones restringen sus actividades más allá de las restricciones comunes que se le imponen por ley a cada ciudadano. *Benítez Nieves v. E.L.A. et al.*, 202 DPR 818, 825 (2019).

En cuanto a la controversia que nos atañe, el Art. 3 (a)(6) de la Ley de la JLBP, *supra*, establece que, "[p]ara determinar si concede o no la libertad bajo palabra, la Junta tendrá ante sí toda la información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado, incluyendo la actitud de la comunidad respecto a la liberación condicional del sujeto, y una evaluación que deberá someter la Administración de Corrección". 4 LPRA sec. 1503.

Por su parte, en cuanto al proceso de concesión del privilegio de libertad bajo palabra, esta ley establece que:

> Una persona recluida en una institución carcelaria en Puerto Rico o en cualquier Programa de Desvío que cumpla con los requisitos establecidos por la Junta mediante reglamento o en esta ley, que muestre un alto grado de rehabilitación y que no represente un riesgo a la sociedad, podrá solicitar formalmente el privilegio de libertad bajo palabra dentro de la jurisdicción de la Junta mediante los mecanismos que disponga la misma, igualmente mediante reglamento. La solicitud por parte de la persona recluida conllevará el consentimiento de esta para que la Junta pueda revisar y obtener copia de todos los expedientes sobre dicha persona en poder de la Administración de Corrección, a fin de que pueda ser considerada para la concesión de los privilegios contemplados en esta Ley. 4 LPRA sec. 1503c.

Ahora bien, "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta". *Quiles v. Del*

*Valle,* 167 DPR 458, 475 (2006). El mencionado privilegio será concedido siempre y cuando el convicto "muestre un alto grado de rehabilitación y que no represente un riesgo a la sociedad". Art. 3(c) de la Ley de la JLBP, 4 LPRA sec. 1503c. Por consiguiente, la Junta posee discreción para decretar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de Puerto Rico, siempre que no se trate de los delitos excluidos de dicho beneficio, y que la persona haya cumplido el término mínimo de la sentencia dispuesto por dicha ley. Art. 3 de la Ley de la JLBP, *supra*; *Toro Ruiz v. J.L.B.P. y otros*, 134 DPR 161, pág. 166 (1993). Así, por tratarse de un privilegio, la Junta tendrá facultad para concederlo, tomando en consideración ciertos factores que establece dicha ley en su Art. 3(d). Entre los factores a considerarse por la JLBP se enumeran los siguientes:

1) naturaleza y circunstancias del delito o delitos por los cuales cumple la sentencia;
2) veces que el confinado haya sido convicto y sentenciado;
3) relación de liquidación de la sentencia o sentencias que cumple el confinado;
4) totalidad del expediente penal y social e informes médicos, completados por cualquier profesional de la salud mental, que existan sobre el confinado;
5) historial del ajuste institucional y del historial social y psicológico del confinado preparado por el Departamento de Corrección y Rehabilitación y el historial médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud;
6) edad del confinado;
7) tratamientos para condiciones de salud que reciba o haya recibido el confinado;
8) opinión de la víctima;
9) **planes de estudio, adiestramiento vocacional o estudio y trabajo del confinado**;
10) lugar en el que piensa residir el confinado y actitud de dicha comunidad, de serle concedida la libertad bajo palabra; y
11) **cualquier otra consideración meritoria que la Junta de Libertad Bajo Palabra haya dispuesto mediante reglamento.** (Énfasis suplido.) 4 LPRA sec. 1503d.

Por ende, denegar el beneficio de libertad a prueba a un confinado de forma arbitraria, o revocarle la libertad bajo palabra sin garantizarle el debido proceso de ley, constituye una

interferencia o privación de un interés libertario, lo que justifica la intervención judicial oportuna para corregir el agravio. *Vázquez v. Caraballo*, 114 DPR 272, pág. 279 (1983); *Martínez Torres v. Amaro Pérez*, 116 DPR 717, págs. 726-727 (1985). Ahora bien, en el ejercicio de la discreción que la ley le concede a la Junta, es esta la entidad facultada para decidir si concede o revoca el referido beneficio de libertad condicional a un confinado. Este Foro no ha de invadir esa autoridad salvo que haya en el expediente indicios de arbitrariedad o irrazonabilidad.

**C. Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020**

El Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020 (en adelante, Reglamento Núm. 9232) establece las reglas procesales y sustantivas que gobiernan las funciones adjudicativas del mencionado organismo administrativo. A su vez, este incorpora las disposiciones de los procedimientos adjudicativos estatuidos por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAU)[6]. Además, el mencionado reglamento cimenta los criterios de elegibilidad para beneficiarse del privilegio de libertad bajo palabra.

La sec. 9.1 (A) del Art. IX del Reglamento Núm. 9232, *supra*, expresa que, "[s]e entenderá solicitado formalmente el privilegio de libertad bajo palabra mediante el recibo del referido que a tales efectos remita el Departamento de Corrección y Rehabilitación o a solicitud por escrito del peticionario". Del mismo modo el inciso (B) del previo artículo señala que, "[e]l referido del caso a la Junta conlleva el consentimiento del peticionario para que la Junta pueda revisar y obtener copia de todos sus expedientes en poder del

---

[6] Ley Núm. 38 del 30 de junio de 2017, mejor conocida *como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*. 3 LPRA § 9601 *et seq.*

Departamento de Corrección y Rehabilitación, a los fines de poder ser evaluado por la Junta".

Por su parte, la Sección 10.2 del Art. X del Reglamento Núm. 9232, *supra*, dispone que la documentación a ser considerada por la Junta para conceder o denegar el privilegio de libertad bajo palabra, será la siguiente:

> A. **El Departamento de Corrección y Rehabilitación, a través de sus funcionarios, empleados y/o representantes autorizados, proveerá a la Junta todo documento que contenga información relacionada a los criterios antes esbozados. La producción de estos documentos se hará para la fecha de la vista de consideración o la fecha en que se vuelva a reconsiderar el caso. En cumplimiento con lo anterior, el Departamento de Corrección y Rehabilitación, remitirá a la Junta los siguientes documentos:**

> 1. [...]
>    [...]
> 7. **Informe Breve de Libertad Bajo Palabra.**
>    a. **Este informe será remitido, con dos (2) meses de anticipación a la fecha en que la Junta volverá a evaluar el caso, y tendrá una vigencia de un (1) año desde la fecha de emisión.**
> 8. Evidencia del historial de trabajo y estudio en la institución.
> 9. **Copia de la carta de oferta de empleo o, en la alternativa, carta de aceptación de la institución donde cursará estudios el peticionario.**
>
>    [...]
> 13. En los casos que aplique, someterá evidencia sobre:
>     a. [...]
>        [...]
>     b. **Juramento de amigo consejero debidamente cumplimentado y suscrito por la persona propuesta.**
>        [...].

En lo pertinente al caso ante nos, el Reglamento 9232, *supra*, en el inciso (B) (7) de la Sección 10.1 del Art. X, establece los criterios de elegibilidad que la Junta tomará en consideración, en cuanto al plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero: En específico sobre las ofertas de empleo y amigo consejero establece lo siguiente:

[…]

**d. Oferta de empleo y/o estudio.**
  i. Todo peticionario deberá proveer una oferta de empleo o, en la alternativa, un plan estudios adiestramiento vocacional o estudio y trabajo.
  **ii. La oferta de empleo se presentará mediante carta suscrita por la persona que extiende la ofertade empleo al peticionario, incluyendo la siguiente información:**
    **(a) Nombre completo, dirección postal, física, electrónica y teléfono(s) de la persona que ofrece el empleo.**
    **(b) Nombre, dirección postal, física, electrónica y teléfono(s) y naturaleza del negocio en el cual se ofrece el empleo.**
    **(c) Funciones que ejercerá el peticionario y el horario de trabajo.**
    **(d) […]**
  iii. […]
  **iv. La falta de oferta de empleo o estudio no será razón suficiente para denegar el privilegio.**
  v. Se exime de presentar una oferta de empleo o estudios en aquellos casos en que el peticionario padezca de alguna incapacidad física, mental o emocional, debidamente diagnosticada y certificada por autoridad competente, o sea mayor se sesenta (60) años.

[…]

**f. Amigo consejero**

i. El amigo consejero tiene la función de cooperar con la Junta y el Programa de Comunidad del Departamento de Corrección y Rehabilitación, en la rehabilitación del peticionario.

ii. Requisitos

   a) No tener relación de afinidad hasta el segundo grado, o de consanguinidad con el peticionario. Esta prohibición no aplicará en aquellos casos que la Junta, en el ejercicio de su discreción, entienda meritorio a base de las circunstancias particulares del caso.

   b) No ser o haber sido representante legal del peticionario en cualquier proceso judicial o administrativo.

   c) Tener la mayoría de edad.

   d) Ser residente en Puerto Rico. Puede residir en el área limítrofe al Programa de Comunidad con competencia. Debe tener contacto frecuente con el peticionario.

   e) Ser una persona de integridad moral.

   f) No tener antecedentes penales.

iii. **Se realizará una investigación en la comunidad sobre la conducta e integridad moral de la persona propuesta para amigo consejero.**

[…]

v. **La falta del amigo consejero no será razón suficiente para denegar el privilegio.**

[…].

Además, la Sección 12.3 (B) del Reglamento Núm. 9232, *supra*, en cuanto a las determinaciones sobre libertad bajo palabra dispone que, "[c]uando la Junta deniegue la libertad bajo palabra, expresará individualmente en su resolución las determinaciones de hecho y conclusiones de derecho que fundamentan dicha determinación, así como indicará fecha (mes y año) en que volverá a considerar el caso".

**III**

En su *Escrito de Revisión Judicial*, el Sr. Bello Colón señala en síntesis que erró la Junta al denegarle el privilegio de libertad bajo palabra debido a que no había propuesto ofertas de trabajo y un candidato para fungir como amigo consejero lo cual cuestiona y nos solicita que revoquemos la *Resolución* recurrida y devolvamos el caso para que la Junta lo considere nuevamente en sus méritos.

Por su parte, en su *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*, la Junta, por conducto de la Oficina del Procurador General, alega que procede la desestimación del recurso de revisión presentado por el Sr. Bello Colón por falta de jurisdicción. Sostiene que el Sr. Bello Colón no notificó la presentación del recurso a la Junta ni certificó haberle enviado copia de este a dicha agencia o a la Oficina del Procurador General dentro del término jurisdiccional para solicitar revisión judicial. No obstante, la Junta aclara que el 10 de octubre de 2023 se presentó

una *Carta Informando Presentación de Recurso en el Tribunal de Apelaciones* ante la Oficina del Procurador General.[7]

Además, la Junta sostiene que el Sr. Bello Colón no incluyó en el apéndice del recurso una copia de la solicitud de reconsideración que presentó ante la Junta el 29 de agosto de 2023 ni de la resolución que emitió la Junta en atención a dicha solicitud. Esta última, alegadamente se emitió el 15 de septiembre de 2023 y se notificó el 18 de septiembre de 2023.

Evaluado el recurso de revisión, la determinación administrativa recurrida, el escrito en oposición y la solicitud de desestimación presentada por la Junta, así como la copia certificada del expediente administrativo, determinamos que no procede la desestimación del recurso ante nos. En específico, la Junta reconoce en su escrito en oposición que el recurso de revisión administrativa presentado por el Sr. Bello Colón le fue notificado el 10 de octubre de 2023 mediante *Carta Informando Presentación de Recurso en el Tribunal de Apelaciones*, notificación que se realizó dentro del término reglamentario establecido. Además, de la documentación de la copia certificada del expediente administrativo surge la documentación necesaria para acreditar nuestra jurisdicción y evaluar el recurso en sus méritos. Veamos.

Del *Informe de Libertad Bajo Palabra* suscrito el 10 de abril de 2023 por la Sra. Mildred Soto Rodríguez surge que el Sr. Bello Colón no sometió candidato para amigo consejero y ofertas de empleo requeridos.[8] Sin embargo, de la evaluación de la copia certificada del expediente administrativo, surge una misiva de 17 de abril de 2023, recibida y ponchada por la Junta el 19 y 24 de abril de 2024, de la técnica de servicios sociopenales, la Sra. Lissette V. Valle Pérez,

---

[7] Véase, nota al calce núm. 12 del *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*, pág. 7.
[8] Véase copia certificada del expediente administrativo del Caso Núm. 147403.

sometiendo *Juramento de Amigo y Consejero* del Sr. John Michael Pérez González, amigo consejero propuesto por la parte aquí recurrente.[9]  Además, surge de la copia certificada del expediente administrativo que, el 15 de mayo de 2023, la Técnica de Servicios Sociopenales, la Sra. Lissette V. Valle Pérez, notificó y recibido por la Junta el 1 de junio de 2023, la parte aquí recurrente sometió oferta de empleo del Sr. Edgar Ramos Martínez en el área de construcción, con dirección Calle Andrés Cámara #36DD Barrio Río Hondo Mayagüez, con número de teléfono 787-538-7864 o con Giovanny Castillo en soldadura y fabricación de tubos galvanizados, no costa dirección con número de teléfono 939-422-7450.[10]

De la evaluación del expediente administrativo, así como la *Resolución* recurrida concluimos que las dos razones por la cual la Junta le deniega al Sr. Bello Colón el privilegio de libertad a prueba quedaron controvertidas por la documentación que obra en el expediente administrativo. En específico, Técnica de Servicios Sociopenales, la Sra. Lissette V. Valle Pérez, le notificó a la Junta el 17 de abril de 2023 *Juramento de Amigo y Consejero* del Sr. John Michael Pérez González y el 15 de mayo de 2023 notificó las ofertas de empleo.  La vista del caso del Sr. Bello Colón se celebró el 26 de junio de 2023, fecha para la cual obraba en el expediente administrativo la información por la cual deniegan el privilegio de libertad a prueba solicitado por alegadamente carecer de la misma.

Por tanto, entendemos que las razones esgrimidas por la Junta en la *Resolución* recurrida, de falta de amigo consejero y ofertas de empleo, no se sostiene del expediente administrativo, por lo cual la presunción de corrección quedó rebatida.

---

[9] *Id.* El documento *Juramento de Amigo y Consejero* fue suscrito el 14 de abril de 2023 por el Sr. Sr. John Michael Pérez González.

[10] *Id.* Surge del expediente certificado Resultados de Investigación Cooperativa de 22 de agosto de 2023 que de la investigación del Sr. Edgar Ramos Martínez, empleador propuesto por la parte recurrente, se trató de coordinar entrevista personal que no fue posible, expresó que la oferta de empleo estaba vigente y que estaba dispuesto ayudarlo en el proceso.

**IV**

Por los fundamentos expuestos, se revoca la *Resolución* recurrida y se devuelve el caso a la Junta para que evalúe nuevamente el caso, en un término razonable, de conformidad a lo aquí dispuesto. Adviértase que esta Curia no está pasando juicio sobre la posibilidad de que el Sr. Bello Colón sea o no merecedor del privilegio en cuestión.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones