ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JULIO LORENZO NIEVES<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202300573 | *Revisión Administrativa* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso JLBP Núm.: 147681<br><br>Sobre: Denegatoria LBP |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece ante este Tribunal de Apelaciones el señor Julio Lorenzo Nieves (en adelante, Sr. Lorenzo Nieves o recurrente) quien se encuentra confinado en una institución correccional y mediante el recurso de revisión administrativa impugna una *Resolución* emitida por la Junta de Libertad Bajo Palabra el 10 de agosto de 2023, notificada el 12 de septiembre de 2023. Por medio de este dictamen, la agencia denegó la concesión del privilegio de libertad bajo palabra al recurrente.

Por los fundamentos a continuación, confirmamos la *Resolución* recurrida.

**I**

Actualmente, el Sr. Lorenzo Nieves cumple una sentencia de diez (10) años de cárcel por infracciones al artículo 404 de la *Ley de Sustancias Controladas de Puerto Rico*, Ley Núm. 4 de 23 de junio de 1971 y al artículo 6.01 de la *Ley de Armas de Puerto Rico*, Ley Núm. 404-2000. Conforme al expediente ante la Junta de Libertad Bajo Palabra, el recurrente cumpliría su sentencia el 23 de junio de 2027, por lo cual la agencia tendría jurisdicción sobre su caso a partir del 23 de diciembre de 2022. La agencia celebró vista de consideración de libertad bajo palabra el 14 de julio de

2023. A la luz de la evidencia presentada y los documentos contenidos en el expediente, la agencia hizo las siguientes determinaciones de hechos:

1. El peticionario se encuentra clasificado en custodia mediana desde el 1 de septiembre de 2021, conforme se desprende de su expediente criminal del peticionario.
2. De la investigación realizada por parte del personal del Programa de Comunidad de Aguadilla recibida en la Junta el 15 de junio de 2023, se determina que la vivienda sometida en el plan de salida no es viable para el proceso rehabilitativo del peticionario, dado el hecho de que el recurso familiar está cumpliendo una sentencia (en libertad a prueba) por casos similares a los cuales cumple el peticionario.
3. El peticionario no sometió amigo consejero en su plan de salida.
4. El 8 de septiembre de 2022, completó el tratamiento de Patrones Adictivos.[1]

En virtud de estas determinaciones de hechos, la Junta de Libertad Bajo Palabra concluyó que no procedía la concesión del privilegio solicitado puesto que el peticionario carecía de amigo consejero, no contaba con vivienda donde residir y estaba clasificado en custodia mediana. Por consiguiente, concluyó que, "[t]omando en consideración todos los factores del presente caso, consideramos que el peticionario no cualifica para beneficiarse del privilegio de libertad bajo palabra",[2] la agencia precisó que el caso del Sr. Julio Lorenzo Nieves sería considerado nuevamente en julio de 2024, cuando el Departamento de Corrección y Rehabilitación deberá someter un *Informe de ajuste y progreso*.

Inconforme con dicha determinación, el recurrente presentó ante la agencia una *Reconsideración a la negación de privilegio*.[3] Mediante esta moción expuso que, si bien estaba clasificado en custodia mediana, ello se debió al atraso del Departamento de Corrección en reevaluarle. Dicha demora, sostuvo, no era atribuible a este. Además, sostuvo que la conclusión de que el hogar propuesto era inadecuado es incorrecta por que la dama a la que hicieron referencia prestó una declaración jurada en la que consignó que esta ya no residía en dicha propiedad. Finalmente, este expuso que la falta de un amigo consejero en su plan de salida es una

---

[1] Apéndice del Recurso de revisión administrativa, *Resolución*, Anejo I, en la pág. 1.
[2] *Id.*, en la pág. 2.
[3] *Id.*, Anejo II, en la pág. 6.

consecuencia de la falta de reclasificación de su custodia. Precisó que debido a que no se le reclasificó oportunamente de custodia mediana a mínima, tampoco este pudo proveer su amigo consejero en el referido plan de salida. Sin embargo, adujo que entregó una declaración jurada en la que el propuesto amigo consejero ofreció su disponibilidad.

La agencia dictó una *Resolución* en la que nuevamente denegó la concesión del privilegio de libertad bajo palabra. Precisó que el caso volvería a ser considerado para el mes de julio de 2024 cuando el Departamento de Corrección y Rehabilitación debe someter un *Informe de ajuste y progreso* con un nuevo plan de salida corroborado. Inconforme con esta determinación, presentó el *Recurso de revisión administrativa* del epígrafe, en el cual el recurrente expone los siguientes señalamientos de error:

1. La Junta de Libertad Bajo Palabra actuó arbitraria e irrazonablemente al denegar la libertad del recurrente fundamentándose en que el aquí peticionario se encuentra en clasificación mediana.
2. La Junta de Libertad Bajo Palabra actuó arbitraria e irrazonablemente al denegar la libertad del recurrente fundamentándose en que el hogar propuesto no es viable.
3. La Junta de Libertad Bajo Palabra actuó arbitraria e irrazonablemente al denegar la libertad del recurrente fundamentándose en que el aquí peticionario no cuenta con amigo consejero.

Por otro lado, transcurrido el término reglamentario para que la parte recurrida presentara su alegato en oposición, prescindimos de su comparecencia.[4]

**II**

A. Revisión judicial de determinaciones administrativas

La *Ley de Procedimiento Administrativo Uniforme*, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA 9601, *et seq.* (LPAU) establece los estándares de revisión judicial de órdenes, resoluciones y providencias dictadas por las agencias administrativas. En lo pertinente al caso que nos ocupa, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, dispone lo siguiente:

---

[4] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sec. 2165 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. […]

En términos sustantivos y procesales, se ha resuelto que los procedimientos y las decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. *Graciani Rodríguez v. Garage Isla Verde, LLC.*, 202 DPR 117, 128-129 (2019). Es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran consideración y deferencia a las decisiones administrativas en vista de la vasta experiencia y conocimiento especializado de la agencia. *Capó Cruz v. Junta de Planificación*, 204 DPR 581, 591 (2020). Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y sólo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Id.* en la pág. 592.

Las decisiones administrativas deben ser respetadas a menos que la parte recurrente establezca que hay evidencia en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente. *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545, 566 (2009).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc.*, 161 DPR 69, 77-78 (2004). Igualmente, el foro judicial deberá analizar si conforme al expediente administrativo: 1) el remedio concedido fue

razonable; 2) las determinaciones de hechos están razonablemente sostenidas por la prueba y; 3) las conclusiones de derecho del organismo administrativo son correctas. *P.R.T.C. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 281 (2000).

La Sección 4.5 de la LPAU, 3 LPRA sec. 9675, dispone que "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo." El concepto de *evidencia sustancial* consiste en "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012).

La norma reiterada por el Tribunal Supremo es que las decisiones de las agencias administrativas merecen una amplia deferencia judicial por la "vasta experiencia y conocimiento especializado sobre los asuntos que por ley se les ha delegado" y "deben ser respetadas a menos que la parte establezca que hay evidencia en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente." *JP Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 186-187 (2009); *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545, 566 (2009).

Corresponde al Tribunal de Apelaciones analizar la evidencia en su totalidad, tanto la que sostenga la decisión administrativa como la que menoscaba el peso que la agencia adjudicó. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). En el caso en que haya un conflicto razonable sobre la evidencia que consta en el expediente administrativo, debe respetarse la apreciación de la agencia. *Hilton v. Junta de Salario Mínimo*, 74 DPR 670, 687 (1953).

Sin embargo, las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Los tribunales, como conocedores del derecho, no tienen que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas. *Olmo Nolasco v. Del Valle Torruella*, 175 DPR 464, 470 (2009). A pesar de ello, los tribunales no

pueden descartar liberalmente las conclusiones e interpretaciones de la agencia. Pero, no cabe hablar de deferencia judicial cuando la interpretación de la agencia afecta derechos fundamentales, resulta irrazonable o conduce a la comisión de injusticias. *JP Plaza Santa Isabel v. Cordero Badillo, supra*, pág. 187.

B. Libertad bajo Palabra

Como parte de sus deberes y autoridades, la Junta de Libertad Bajo Palabra, creada por virtud de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq.*, podrá decretar la libertad bajo palabra de cualquier persona que esté recluida en cualquier institución penal del país, sujeto a que cumpla con el término mínimo dispuesto por ley y que no se trate de los delitos excluidos de dichos beneficios. *Rivera Beltrán v. J.L.B.P.*, 169 DPR 903, 905 (2007); *Pueblo v. Negrón Caldero*, 157 DPR 413, 418 (2002); *Toro Ruiz v. J.L.B.P. y otros*, 134 DPR 161, 166 (1993). El propósito fundamental que persigue dicha legislación es permitir que una persona que haya sido convicta y sentenciada a un término de reclusión pueda cumplir la última parte de su sentencia fuera de la institución penal, sujeto al cumplimiento de las condiciones que la Junta le imponga para concederle la libertad. *Maldonado Elías v. González Rivera*, 118 DPR 260, 265-266 (1987). Tal propósito está en armonía con el mandato constitucional del Art. VI, Sec. 19, que establece, en lo pertinente, que "será política pública del Estado Libre Asociado […] reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. ELA, LPRA, Tomo 1.

La Junta decretará la libertad bajo palabra cuando las circunstancias presentes le permitan creer con razonable certeza que tal medida habrá de lograr la rehabilitación moral y económica del delincuente, tomando en consideración toda la información posible sobre el historial social, médico, ocupacional y delictivo del confinado. 4 LPRA sec. 1503 (a)(4). Asimismo,

deberá considerar la actitud de la comunidad respecto a la concesión de la libertad condicional del sujeto, como también la evaluación que a tales efectos someta la Administración de Corrección.  4 LPRA sec. 1503 (a)(4) y (b).

Sabido es que "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta". *Quiles v. Del Valle*, 167 DPR 458, 475 (2006). Solo procede su otorgamiento cuando el convicto "muestre un alto grado de rehabilitación y que no represente un riesgo a la sociedad". 4 LPRA sec. 1503c. La Junta de Libertad Bajo Palabra tiene facultad para conceder el privilegio, tomando en consideración los siguientes factores:

1. La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.
2. Las veces que el confinado haya sido convicto y sentenciado.
3. Una relación de liquidación de la sentencia o sentencias que cumple el confinado.
4. La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.
5. El historial de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.
6. La edad del confinado.
7. El o los tratamientos para condiciones de salud que reciba el confinado.
8. La opinión de la víctima.
9. Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.
10. Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.
11. Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento. La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho. 4 LPRA sec. 1503d.

No obstante, la Junta no puede denegar el privilegio de manera arbitraria sin garantizar el debido proceso de ley, puesto que constituye una interferencia o privación de un interés libertario, lo que justifica la

intervención judicial para corregir dicha situación. *Vázquez v. Caraballo*, 114 DPR 272, 279 (1983).

El *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento Núm. 9232 de 18 de noviembre de 2020 establece las reglas procesales y sustantivas que rigen las funciones de esta agencia. El Artículo X del referido reglamento dispone los criterios considerados por la agencia al decidir sobre la concesión del privilegio. Entre estos criterios se encuentra: (1) historial delictivo; (2) relación de liquidación de la[s] sentencia[s] que cumple el peticionario; (3) la clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello; (4) edad del peticionario; (5) opinión de la víctima; (6) historial social; (7) si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero; (8) historial de salud; (9) registro en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra menores en los casos en que proceda; (10) registro en el Registro de Personas Convictas por Delitos de Violencia Doméstica, en los casos en que proceda; (11) toma de muestra de ADN según aplique, y (12) "[l]a Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad". Artículo X, Sección 10.1, Reglamento Núm. 9232 en las págs. 36-48.

Respecto al caso ante nuestra consideración, este Reglamento dispone que este es un criterio para evaluar, pero no procede la concesión del privilegio cuando el peticionario se encuentre en custodia máxima. *Id*. Además, el plan de salida debe ser estructurado y viable en cuanto a la oferta de empleo y/o estudio, residencia y amigo consejero. Sobre la residencia en donde el peticionario ha de gozar del privilegio, este debe proveer el contacto de la persona con quien residirá o de algún familiar cercano y su dirección física. *Id*. En los casos en que este sugiera vivir en una casa de propiedad, debe presentar el *amigo consejero*, quien le servirá

de apoyo, aunque no viva en la misma residencia. *Id*. Asimismo, la Junta determinará si la residencia propuesta es viable al considerar múltiples criterios, sobre los que la agencia goza de amplia discreción. *Id*.

Acerca de la figura del *amigo consejero*, este tiene una serie de requisitos entre los que se encuentra la investigación en la comunidad sobre la integridad moral de la persona propuesta para ocupar esta función. Además, este Reglamento reconoce que "[l]a falta del amigo consejero no será razón suficiente para denegar el privilegio". *Id*. (7)(f)(v).

La Sección 12.3(B) del Reglamento Núm. 9232-2020 dispone que cuando la agencia deniegue el privilegio deberá expresar en su resolución determinaciones de hecho y conclusiones de derecho que fundamenten su determinación.

**III**

El Sr. Julio Lorenzo Nieves sostiene que la Junta de Libertad Bajo Palabra erró al denegar su libertad bajo palabra fundamentada en que este se encuentra en clasificación mediana, que el hogar propuesto no es viable y que este no cuenta con amigo consejero. Arguyó que no es un riesgo social y que esta capacitado para insertarse en la comunidad. Además, sostuvo que, si bien estaba clasificado en custodia mediana, la determinación de la Junta es irrazonable por que el propio Reglamento que rige los procedimientos de la agencia dispone que este no es un impedimento para conceder el privilegio de libertad bajo palabra.

Por otro lado, añadió que el *amigo consejero* acudió y juramentó el 26 de mayo de 2023, sin embargo, este hecho no se incluyó en el Informe de Libertad Bajo Palabra. Adujo que al momento de la vista no tuvo acceso a dicho informe por lo cual no pudo impugnarlo. No obstante, nos informa que la falta del amigo consejero no derrota su petición de libertad bajo palabra. Finalmente, argumentó que la agencia erró al denegar el privilegio porque el familiar recurso que sugirió se encontraba también en libertad bajo palabra en la misma residencia. Este adujo que dicha persona prestó una declaración jurada en la que expuso que no vivía en dicha propiedad.

Acentuó su reclamo en que, la investigación sobre esta residencia arrojó que no había ningún otro inconveniente.

Conforme a lo previamente esbozado, las determinaciones de hechos de una agencia administrativa serán sostenidas por los tribunales si se basan en evidencia sustancial que surge del expediente administrativo. Además, las decisiones de las agencias gozan de una presunción de regularidad y corrección, lo que obliga a quien impugna dicha determinación a presentar prueba que derrote la razonabilidad de la conclusión de la agencia. De esta manera, la parte recurrente ha de mostrar prueba que sostenga que la actuación de la agencia no esta basada en evidencia sustancial.

Además, la Junta de Libertad Bajo Palabra goza de amplia discreción al conceder el privilegio de libertad, puesto que es la agencia con conocimiento especializado llamada a evaluar y administrar el privilegio de la libertad bajo palabra. Procede la intervención de este Tribunal de Apelaciones cuando la denegatoria de esta agencia fue irrazonable o arbitraria. En ausencia de estos criterios, procede que confirmemos la determinación de la Junta de Libertad Bajo Palabra.

En el caso de autos, si bien el expediente del recurrente demuestra que este tiene un buen perfil (entiéndase que la vivienda tiene buenas evaluaciones, realiza estudios en la institución, completó tratamiento de Programas Adictivos, no tiene querellas disciplinarias y recibió cartas de recomendación),[5] el balance de determinados criterios convenció a la agencia a denegar su petición de libertad. Estos elementos que guiaron la determinación de la Junta fueron que este no contaba con un amigo consejero, no tenia una vivienda viable donde residir y estaba en custodia mediana.

Según previamente explicado, la falta de un *amigo consejero* no es razón suficiente para denegar la libertad bajo palabra. Sin embargo, en este

---

[5] Apéndice del recurso de revisión, *Informe breve para referir casos de sentencia por delito grave y menos grave ante la Junta de Libertad Bajo Palabra, Formulario FE-1-3*, en la pág. 22.

caso no fue la única carencia que encontró la agencia al evaluar la petición del Sr. Julio Lorenzo Nieves. Según surge del Informe de Libertad Bajo Palabra, incluido en el apéndice del recurso ante nuestra consideración, el peticionario no había incluido ningún amigo consejero en su plan de salida, y fue orientado al respecto.[6] Por otra parte, del Formulario FE-1-3 surge que este no contaba con un amigo consejero juramentado, pero se incluyó una carta de alguien interesado en fungir como tal. Conforme al Reglamento Núm. 9232-2020, que rige estos procedimientos, no es necesario el nombramiento de un *amigo consejero* para la otorgación del privilegio, pero para lograr la designación es indispensable que la agencia investigue la reputación de este y se cerciore que la persona cumple los requisitos contemplados para estos. Por consiguiente, no basta con una carta en la que se sugiera una persona que ocupe dicha función. En este caso, ante la falta de juramento de la persona sugerida, la Junta de Libertad Bajo Palabra no tuvo la oportunidad de ejercer su función investigativa por lo cual no se designó oficialmente un *amigo consejero*. Al respecto no erró la agencia.

Sobre la concesión de libertad bajo palabra, el Reglamento Núm. 9232 dispone que la clasificación de custodia es un criterio para tomar en consideración, pero no impide la concesión del privilegio salvo aquellos casos de custodia máxima. En este caso, el recurrente aduce que estaba clasificado en custodia mediana porque el Departamento de Corrección y Rehabilitación no había evaluado su caso, y en la eventualidad de hacerlo cambiaría su clasificación. Este argumento no es mas que una mera alegación carente de evidencia sustancial que impugne la razonabilidad de la conclusión de la agencia. Por consiguiente, no erró la Junta de Libertad Bajo Palabra al concluir que el recurrente se encontraba en custodia mediana y que este era un hecho que la agencia podía tomar en consideración junto a los demás dispuestos en Ley.

---

[6] *Id.*, *Informe de Libertad Bajo Palabra*, en la pág. 27.

Finalmente, respecto al señalamiento de error de que la agencia erró al determinar que la residencia propuesta no es viable, surge del Formulario FE-1-3, que se incluyó a la Sra. Aracelis Acevedo González, pareja consensual del recurrente, como recurso familiar con quien residiría en la siguiente dirección: Carretera 110 KM. 3.2 Barrio Cerro Gordo, Aguada PR 00676.[7] De igual forma surge del Informe de Libertad Bajo Palabra, al indicar que el recurrente propuso vivir con su pareja, Sra. Aracelis Acevedo González, en el barrio Cerro Gordo, Comunidad Acevedo en Aguada, Puerto Rico.[8] El Sr. Lorenzo Nieves incluyó una declaración jurada, con fecha del 27 de septiembre de 2023, mediante la cual la Sra. Araceli Acevedo González informó que a principio del mes de septiembre se había mudado a la residencia de su madre y que su dirección actual era: Carretera 110 KM 3.2 interior, Bo. Cerro Gordo de Aguada, Puerto Rico. Esta dirección coincide con aquella provista por los informes evaluados por la Junta de Libertad Bajo Palabra.

El recurrente argumentó que siendo este un barrio, la numeración de los barrios no permite individualizar las residencias, pero que la propiedad propuesta es distinta a aquella a la que se mudó la Sra. Araceli Acevedo González. Nuevamente, el Sr. Lorenzo Nieves no logró rebatir la presunción de corrección de la determinación administrativa puesto que las direcciones que surgen del expediente ante nuestra consideración coinciden. Por consiguiente, la agencia no abusó de discreción al determinar que el recurrente no cuenta con vivienda donde residir. Enfatizamos que la Junta de Libertad Bajo Palabra goza de discreción al evaluar los criterios de elegibilidad para la concesión del privilegio en cuestión. En efecto, la agencia ejerció su responsabilidad de evaluar la petición de libertad bajo palabra, haciendo un balance de los criterios particulares del recurrente.

---

[7] *Id.*, en la pág. 22.
[8] *Id.*, en la pág. 25.

La agencia cumplió su deber de fundamentar las determinaciones de hechos y conclusiones de derecho, así como la fijación de fecha en la que volverá a considerar el caso del recurrente.

**IV**

Por los fundamentos expresados, confirmamos la *Resolución* emitida el 10 de agosto de 2023, notificada el 12 de septiembre de 2023, por la Junta de Libertad Bajo Palabra.

**Notifíquese.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones