Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| YARELYS M. ROSSY PÉREZ<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurridos | KLRA202400507 | ***Revisión Administrativa***<br>Procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 147778<br><br>Sobre:<br>NO CONCESIÓN DEL PRIVILEGIO DE LIBERTAD BAJO PALABRA-VOLVER A CONSIDERAR |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece ante nosotros la Sra. Yerelys Rossy Pérez (en adelante, Sra. Rossy Pérez) solicitando la revisión de la *Resolución* emitida el 18 de junio de 2024, archivada el 16 de julio de 2024, y notificada el 8 de agosto de 2024 por la Junta de Libertad Bajo Palabra (en adelante, "JLBP"). En dicho dictamen, la Junta de Libertad denegó su solicitud del privilegio de libertad bajo palabra.

Por los fundamentos que expondremos, resolvemos confirmar la *Resolución* recurrida.

**I**

El 8 de abril de 2014, la Sra. Rossy Pérez fue sentenciada a treinta ocho (38) años de reclusión por el delito de asesinato en segundo grado (Artículo 93(B) del Código Penal, 33 LPRA sec. 5142). Tras haber cumplido el término mínimo de la sentencia establecido en la Ley Núm. 118 de 22 de Julio de 1974, *infra*, para ser elegible,

la Sra. Rossy Pérez solicitó la concesión del privilegio de libertad bajo palabra.

Luego de varios trámites procesales, el 9 de febrero de 2024, se celebró la *Vista de Consideración* ante la JLBP. La Sra. Rossy Pérez compareció representada por su abogada. También estuvieron presentes la Sra. María de Lourdes Rodríguez Burgos, Técnica de Servicios Sociopenales, y la Dra. Edna Benítez Laborde, Catedrática de la UPR y directora del Programa de Estudios Universitarios para Personas Confinadas.

Evaluada la prueba presentada, así como la totalidad del expediente, el 18 de junio de 2024, notificada el 16 de julio de 2024, la JLBP emitió la *Resolución*[1] recurrida, denegando la solicitud del privilegio de libertad bajo palabra de la Sra. Rossy Pérez. En su dictamen, la JLBP realizó las determinaciones de hechos siguientes:

## DETERMINACIONES DE HECHOS

1. La peticionaria está clasificada en custodia de mediana seguridad desde el 21 de julio de 2023.

2. La peticionaria extingue sentencia de treinta y ocho (38) años por Asesinato en segundo grado. Estos hechos fueron cometidos contra su hija de dos (2) años causándole severo trauma corporal que desembocó en su fallecimiento.

3. La peticionaria fue sentenciada el 8 de abril de 2014 y 12 de agosto de 2019.

4. La peticionaria no cuenta con querellas ni casos pendientes ante el Tribunal.

5. Le fue realizada la toma de muestra de ADN el 3 de junio de 2015, conforme Ley 175-1998.

6. La peticionaria culminó las terapias de Trastornos Adictivos el 14 de diciembre de 2022.

7. Culminó las terapias de Control de Impulsos el 13 de junio de 2022.

8. La peticionaria tiene plan de salida en las áreas de hogar y amigo consejero y oferta de empleo, las cuales fueron debidamente corroboradas. La peticionaria realiza estudios universitarios actualmente.

---

[1] Apéndice de la *Petición de Revisión Administrativa*, Anejo XXVI, págs. 70-74.

9. Por vía de excepción y con la autorización de la Secretaria de Corrección y Rehabilitación (DCR) la peticionaria fue ingresada en el Hogar Intermedio para Mujeres para integrarse en el Proyecto Especial de Estudios Conducentes a Maestría en la UPR de Rio Piedras.

10. La peticionaria culminó su Bachillerato el 1 de junio de 2023, estando en confinamiento.

11. El 24 de enero de 2024, comenzó su maestría.

12. La peticionaria realiza labores en el Hogar Intermedio para Mujeres.

13. Según consta en el Informe de Ajuste y Progreso recibido el 26 de febrero de 2024, la peticionaria se ha trazado metas reales para su reintegración a la libre comunidad, continuar sus estudios universitarios y poder laborar en los días libres.

14. La peticionaria cuenta con Certificación de Tratamiento Psicoeducativo Servicio Psicológico de 8 de febrero de 2024.

15. La peticionaria completó el programa de tratamiento biopsicosocial que se ofrece en el hogar.

**16. El hogar propuesto por la peticionaria no es viable por la proximidad con la parte perjudicada.**

17. Se tomó en consideración el testimonio de la Catedrática Dra. Edna Benítez Laborde, Catedrática de la UPR y Directora del programa de estudios universitarios para personas confinadas.

18. Para efectos de un análisis de la totalidad del expediente, se evaluó la opinión de las víctimas, la evaluación psicológica, así como la naturaleza y circunstancias de los delitos contra su hija que era infante al momento de los hechos, por los cuales cumple sentencia de la peticionaria de asesinato.

Finalmente, a base de estas determinaciones, la JLBP concluyó y resolvió lo siguiente:

"En el caso que nos ocupa, mencionamos aquellos factores que favorecieron al peticionario y otros que no, para la concesión del privilegio.

[…]

En el caso de autos como podemos notar de manera ineludible la peticionaria cuenta a con una serie de

requisitos que la favorecen para la concesión de libertad bajo palabra. No obstante, al tomar la totalidad del expediente como corolario para determinar si la peticionaria es merecedora de la concesión o no de este privilegio, es pertinente considerar factores como la distancia entre el hogar propuesto y la parte perjudicada, la opinión de la parte perjudicada, la evaluación psicológica la muerte de una (1) niña de dos (2) años, víctima inocente e hija de la peticionaria, el tiempo cumplido por la peticionaria versus la sentencia impuesta y su proceso de rehabilitación carcelaria.

En el caso que nos ocupa, habiendo tomado en consideración todos los factores del presente caso, consideramos que la peticionaria no cualifica para beneficiarse del privilegio de libertad bajo palabra.

[...]

Se dispone no conceder el privilegio de libertad bajo palabra a Yarelys Rossy Pérez. Este caso volverá a ser considerado para el mes de febrero de 2025, fecha para la cual se requiere Informe de Ajuste y progreso actualizado, plan de salida corroborado por el DCR y evidencia de progreso académico de la peticionaria junto a hogar alterno que esté ubicado a una distancia considerable de la parte perjudicada, debidamente corroborado."

El 2 de agosto de 2024, la Sra. Rossy Pérez presentó una *Moción de Reconsideración*,[2] en la cual argumentó que, debido a la presión pública existente en el país contra la población privada de libertad, la Junta de Libertad no evaluó su caso de manera objetiva. La peticionaria considera que la determinación de la Junta de Libertad fue arbitraria, irrazonable y no se sostiene en el expediente. Alega, específicamente, lo siguiente: (1) la opinión de la víctima es desconocida, y no se presentó prueba de ello durante la *Vista de Consideración*, conforme a lo dispuesto en el Artículo VIII, Sección 8.4 (B)(2) y (3), y el Artículo XI del Reglamento Núm. 9232 del 18 de noviembre de 2020 de la Junta de Libertad Bajo Palabra; (2) la proximidad de su residencia a la de la víctima también es desconocida, y no se presentó prueba sobre este aspecto. Además, se le exige que resida a una distancia considerable de la víctima, pese a no tener conocimiento de su ubicación ni haber recibido

---

[2] *Id.*, Anejo XXVII, págs. 75-89.

información sobre alguna zona de exclusión, lo que la coloca en un estado de indefensión; (3) el proceso de consideración de la libertad bajo palabra no debe ser utilizado para juzgar nuevamente su culpabilidad. Tomar su culpabilidad como único factor para denegar el privilegio sería, a su entender, una decisión irrazonable, pues por ley califica para este beneficio, y (4) la Junta tiene la obligación de evaluar objetivamente el expediente, del cual se desprende una amplia variedad de documentos que evidencian su grado de rehabilitación, su deseo de superarse y de construir una nueva vida.

En base a estos argumentos, la Sra. Rossy Pérez solicitó que se declarara "Ha Lugar" la reconsideración y se le concediera el privilegio de libertad bajo palabra.

Transcurrido el término legal que tenía la Junta de Libertad para atender la solicitud de reconsideración sin que tomara alguna acción respecto a ella, la Sra. Rossy Pérez acudió ante nosotros el 16 de septiembre de 2014 mediante el presente recurso de revisión. En su escrito, señala el error siguiente:

> ABUSÓ DE SU DISCRECIÓN LA JLBP AL DENEGAR EL PRIVILECIO DE LIBERTAD BAJO PALABRA A LA RECURRENTE AL UTILIZAR EVIDENCIA EX PARTE, OBTENIDA LUEGO DE LA CELEBRACIÓN DE LA VISTA DE CONSIDERACIÓN, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY ESTABLECIDO EN SU PROPIO REGLAMENTO.

El 18 de septiembre de 2024, emitimos una *Resolución* concediéndole al Procurador General un término de veinte (20) días para exponer su posición respecto al recurso. Además, se le ordenó a la parte recurrida presentar copia certificada del expediente original administrativo del Caso Núm.: 147778.

El 31 de octubre de 2024, la JLBP, representada por el Procurador General, presentó un *Escrito en Cumplimiento de Resolución.*

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.**

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. J.CA.*, 149 DPR 263, 279-280 (1999).

En cuanto al alcance de la revisión judicial en las determinaciones administrativas, los dictámenes de los organismos administrativos merecen la mayor deferencia judicial. *Pérez López v. Depto. Corrección*, 208 DPR 656 (2022). Véase, además, *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821, (2012); *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002 (2011); *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006); *San Vicente v. Policía de P.R.*, 142 DPR 1 (1996). Esto es así, pues, son las agencias administrativas con la vasta experiencia y el conocimiento especializado para atender los asuntos que se le encomiendan. *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 323 (2006). Por tal razón, el alcance de la revisión judicial a una determinación final de una agencia administrativa se limitará a "determinar si la agencia actuó arbitraria, ilegal o irrazonablemente en abuso a su discreción". *Pérez López v. Depto. Corrección*, supra, en la pág. 673.

Sobre las determinaciones de hechos, el Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de

las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobbe v. Jta. Directores,* supra, pág. 216, citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors, Inc.*, 148 DPR 387, 397-398 (1999). La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.*, citando a *Pereira Suárez v. Jta. Dir. Cond.*, supra*; Otero v. Toyota,* 163 DPR 716, 728 (2005). Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). Ello implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia. *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 687 (1953).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias,* 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de

hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota*, supra.

En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

Si del análisis realizado se desprende que la interpretación que hace una agencia de su reglamento o de la ley que viene llamada a poner en vigor resulta razonable, el tribunal debe abstenerse de intervenir. *Cruz v. Administración*, 164 DPR 341, 357 (2005).

Finalmente, cabe citar lo que la Ley Núm. 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9601 *et seq.*, dispone en cuanto al alcance de la revisión judicial y los remedios. La Sección 4.5 de la Ley Núm. 38-2017, *infra*, dispone que:

> "El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio. Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal."

A su vez, la Sección 4.6 de la Ley Núm. 38-2017, *infra*, dispone que:

> "El Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. La mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa, a menos que el Tribunal así lo determine. El procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo. No será obligatoria la comparecencia del Gobierno de Puerto Rico ante el Tribunal de Apelaciones a menos que así lo ordene el Tribunal. El tribunal podrá conceder el remedio solicitado o cualquier otro remedio que considere apropiado, incluyendo recursos extraordinarios, aunque no haya sido solicitado, y podrá conceder honorarios razonables de abogados, costos y gastos a cualquier parte que haya prevalecido en la revisión judicial."

**B.**

Mediante la Ley Núm. 118 de 22 de Julio de 1974, según enmendada, *"Ley de la Junta de Libertad Bajo Palabra"*, según enmendada, 4 LPRA sec. 1501 *et seq.*, se creó la Junta de Libertad Bajo Palabra. Esta está adscrita al Departamento de Corrección y Rehabilitación, según establece su Artículo 1 de la Ley Núm. 118 de 22 de Julio de 1974, *supra*. Dicha entidad, posee autoridad para "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico". Véase, Artículo 3 de la Ley Núm. 118 de 22 de Julio de 1974, *supra*. "La libertad bajo palabra será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes permitan a la Junta creer, con razonable certeza que tal medida habrá de ayudar a la rehabilitación del delincuente". *Íd.* De esta forma, se permite que una persona convicta y sentenciada a un término de reclusión cumpla la última parte de su sentencia fuera de la institución penal, "sujeto al cumplimiento de las condiciones que se impongan para conceder la libertad". *Maldonado Elías v. González Rivera*, 118 DPR 260, 275 (1987). Al conceder el privilegio de libertad bajo palabra, la

Junta puede imponer las condiciones que estime necesarias. De esta forma, el liberado tiene una libertad cualificada, pues dichas condiciones restringen sus actividades más allá de las restricciones comunes que se le imponen por ley a cada ciudadano. *Benítez Nieves v. E.L.A. et al.*, 202 DPR 818, 825 (2019).

En cuanto a la controversia que nos atañe, el Artículo 3 (a)(6) de la Ley Núm. 118 de 22 de Julio de 1974, *supra*, establece que, "[p]ara determinar si concede o no la libertad bajo palabra, la Junta tendrá ante sí toda la información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado, incluyendo la actitud de la comunidad respecto a la liberación condicional del sujeto, y una evaluación que deberá someter la Administración de Corrección".

Por su parte, en cuanto al proceso de concesión del privilegio de libertad bajo palabra, esta ley establece que:

> "Una persona recluida en una institución carcelaria en Puerto Rico o en cualquier Programa de Desvío que cumpla con los requisitos establecidos por la Junta mediante reglamento o en esta ley, que muestre un alto grado de rehabilitación y que no represente un riesgo a la sociedad, podrá solicitar formalmente el privilegio de libertad bajo palabra dentro de la jurisdicción de la Junta mediante los mecanismos que disponga la misma, igualmente mediante reglamento. La solicitud por parte de la persona recluida conllevará el consentimiento de esta para que la Junta pueda revisar y obtener copia de todos los expedientes sobre dicha persona en poder de la Administración de Corrección, a fin de que pueda ser considerada para la concesión de los privilegios contemplados en esta Ley." 4 LPRA sec. 1503c.

Ahora bien, "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta". *Quiles v. Del Valle*, 167 DPR 458, 475 (2006). El mencionado privilegio será concedido siempre y cuando el convicto "muestre un alto grado de rehabilitación y que no represente un riesgo a la sociedad". Artículo 3(c) de la Ley de la JLBP, 4 LPRA sec. 1503c. Por consiguiente, la

Junta posee discreción para decretar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de Puerto Rico, siempre que no se trate de los delitos excluidos de dicho beneficio, y que la persona haya cumplido el término mínimo de la sentencia dispuesto por dicha ley. Artículo 3 de la Ley de la JLBP, *supra*; *Toro Ruiz v. J.L.B.P. y otros*, 134 DPR 161, 166 (1993). Así, por tratarse de un privilegio, la Junta tendrá facultad para concederlo, tomando en consideración ciertos factores que establece dicha ley en su Artículo 3(d). Entre los factores a considerarse por la JLBP se enumeran los siguientes:

1) naturaleza y circunstancias del delito o delitos por los cuales cumple la sentencia;
2) veces que el confinado haya sido convicto y sentenciado;
3) relación de liquidación de la sentencia o sentencias que cumple el confinado;
4) totalidad del expediente penal y social e informes médicos, completados por cualquier profesional de la salud mental, que existan sobre el confinado;
5) historial del ajuste institucional y del historial social y psicológico del confinado preparado por el Departamento de Corrección y Rehabilitación y el historial médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud;
6) edad del confinado;
7) tratamientos para condiciones de salud que reciba o haya recibido el confinado;
8) **opinión de la víctima**;
9) planes de estudio, adiestramiento vocacional o estudio y trabajo del confinado;
10) **lugar en el que piensa residir el confinado y actitud de dicha comunidad, de serle concedida la libertad bajo palabra;** y
11) **cualquier otra consideración meritoria que la Junta de Libertad Bajo Palabra haya dispuesto mediante reglamento.** 4 LPRA sec. 1503d.

Por ende, denegar el beneficio de libertad a prueba a un confinado de forma arbitraria, o revocarle la libertad bajo palabra sin garantizarle el debido proceso de ley, constituye una interferencia o privación de un interés libertario, lo que justifica la intervención judicial oportuna para corregir el agravio. *Vázquez v. Caraballo,* 114 DPR 272, 279 (1983); *Martínez Torres v. Amaro Pérez,* 116 DPR 717, 726-727 (1985). Ahora bien, en el ejercicio de la

discreción que la ley le concede a la Junta, es esta la entidad facultada para decidir si concede o revoca el referido beneficio de libertad condicional a un confinado. Este Foro no ha de invadir esa autoridad salvo que haya en el expediente indicios de arbitrariedad o irracionabilidad.

### C.

El Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232, Departamento de Estado, 18 de noviembre de 2020, fue creado para establecer las normas procesales que regirán la función adjudicativa de la Junta. Este incorpora mecanismos que permiten realizar los procesos dentro del término que se dispone mientras se salvaguarda el derecho al debido proceso de ley de los peticionarios. Además, incorpora derechos concedidos a las víctimas de delito mediante el establecimiento de normas que le permiten su participación en los procedimientos ante la Junta. Sus disposiciones se deben de interpretar de forma tal que "se garantice un trato equitativo y deferente a los miembros de la población correccional, peticionarios y liberados de conformidad con la política pública de rehabilitación, según establecida en el Artículo VI, Sección 19 de la Constitución del Estado Libre Asociado de Puerto Rico", y propiciar el tratamiento adecuado que permita la rehabilitación moral y social de estos. Artículo II del Reglamento Núm. 9232, *supra*.

La Junta deberá evaluar las solicitudes del privilegio caso a caso y conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado recluido. Artículo X, Sección 10.1 del Reglamento Núm. 9232, *supra*. En esa línea, deberá considerar los siguientes criterios:

"1. Historial delictivo
    a. La totalidad del expediente penal.
    [...]
    b. Naturaleza y circunstancias del delito, por el
    cual cumple sentencia, incluyendo el grado de

fuerza o violencia utilizado en la comisión del delito.

[...]

5. **La opinión de la víctima**.

   a. La opinión de la víctima constituye un factor a ser considerado por la Junta, pero la determinación sobre el grado de rehabilitación de un peticionario y si está capacitado para continuar cumpliendo su sentencia en la libre comunidad es prerrogativa de la Junta.

   [...]

6. El historial social

   [...]

   e. El historial de trabajo y/o estudio realizado en la institución.

[...]

7. **Si cuenta con un plan de salida estructurado y viable en las áreas de** oferta de empleo y/o estudio, **residencia** y amigo consejero.

   [...]

   d. Oferta de empleo y/o estudio.

      i. Todo peticionario deberá proveer una oferta de empleo o, en la alternativa, un plan de estudios adiestramiento vocacional o estudio y trabajo.

      [...]

      iii. Los planes de estudio, incluyendo el adiestramiento vocacional y/o programa de estudio y trabajo, se presentarán sometiendo la carta de aceptación de la institución, educativa, con expresión del programa o facultad al cual ingresará.

   [...]

   **e. Residencia**

      i. Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad bajo palabra, bien sea en una residencia o un programa interno.

      ii. De proponer una residencia, el peticionario proveerá el nombre completo y número de teléfono de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra.

      [...]

      iv. Para determinar si la vivienda propuesta es viable, la Junta considerará:

         (a) Las características personales e historial delictivo de las personas con alza cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.

         (b) Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.

         [...]

(d) **Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito."** *Id.*

Cuando una solicitud del privilegio es presentada por primera vez ante la Junta, esta celebrará una Vista de Consideración. Artículo XII, Sección 12.1 del Reglamento Núm. 9232, *supra.* Dicha vista deberá celebrarse lo más cercano posible a la fecha de expiración del mínimo de sentencia y siempre dentro de un término de cuarenta y cinco (45) días desde que el peticionario cumplió el término mínimo de reclusión requerido para que la Junta adquiera jurisdicción. Dicho término solo se podrá extender bajo circunstancias excepcionales o bajo aquellas que sean atribuibles al peticionario. El peticionario deberá ser citado, dentro del término de veinte (20) días antes de la fecha de señalamiento de la vista, mediante una notificación por escrito que deberá contener los criterios a ser considerados por la Junta. *Id.* Dicha notificación se hará personalmente a través del Técnico de Servicios Sociopenales asignado a su caso, mediante un correo interno, y en casos donde el peticionario comparezca mediante representación legal, se le deberá también notificar a su abogado a su última dirección, según obra en el expediente. Artículo XI del Reglamento Núm. 9232, *supra.*

Durante todo procedimiento ante la Junta, el peticionario goza de los siguientes derechos: (1) derecho a comparecer por derecho propio o mediante representación legal, (2) derecho a presentar evidencia a su favor, (3) derecho a una adjudicación imparcial y (4) derecho a que la decisión sea basada en el expediente. *Id.* Además, el funcionario que la presida estará facultado para ofrecerle "a todas las partes la oportunidad de responder, presentar evidencia y argumentar, conducir contrainterrogatorio y someter evidencia de refutación" y también podrá recibir evidencia testifical y documental sobre cualquier otro asunto que quede pendiente. *Id.*

Celebrada la vista, la Junta deberá tomar su determinación a base de la preponderancia de la prueba desfilada en ella y la totalidad del expediente del caso. Artículo XIV, Sección 14.1 del Reglamento Núm. 9232, *supra*. Una vez finalizada la vista, la Junta no podrá admitir en evidencia "ningún otro documento, a menos que sea requerido por la Junta, en cuyo caso se notificará copia del documento al peticionario o liberado y su abogado, de tenerlo, concediendo término suficiente para que estos se expresen con relación al mismo. Id.

Así las cosas, la Junta deberá emitir su determinación dentro del término de treinta (30) días, a partir de la fecha que se celebró la vista. De necesitar posponer su determinación, la Junta deberá notificar por escrito al peticionario las razones que fundamentan su posposición y dicha posposición no podrá ser por un término mayor de ciento ochenta (180) días, a partir de la fecha qué se debió haber rendido. En cuanto a la notificación de la determinación, esta debe hacerse dentro del término de veinte (20) días, a partir de la fecha que fue emitida. Artículo XIV, Sección 14.3 del Reglamento Núm. 9232.

Por otro lado, y como antes dispuesto, el Artículo VIII del Reglamento Núm. 9232, *supra*, considera a las víctimas del delito durante un proceso de solicitud del privilegio de libertad bajo palabra. Así las cosas, las víctimas deberán ser notificadas por escrito sobre la fecha que se celebrará la vista y estas tienen derecho de estar presente durante la misma. *Id*. La Junta deberá realizar "todos los esfuerzos a su alcance para localizar y notificar la víctima del delito, manteniendo evidencia de ello en el expediente del caso." Artículo 3-E de la Ley de la JLBP, *supra*.

Además, las víctimas del delito también podrán emitir una opinión acerca del "proceso de rehabilitación, la determinación que en su momento deba tomar la Junta y/o el impacto económico,

emocional o físico que ha causado la comisión del delito a su persona y su familia." Artículo VIII del Reglamento Núm. 9232, *supra.* Dicha opinión puede emitirse personalmente, oralmente o por escrito mediante cualquier sistema electrónico que esté disponible. Cuando la opinión sea por escrito, esta debe de presentarse dentro de los quince (15) días a partir de la fecha que la vista le fue notificada. Por otro lado, cuando la opinión se fuera a emitir de manera oral, esta se hará "en una vista informal ante la Junta, la cual podrá celebrarse el día de la vista del peticionario o en un término no mayo de cinco (5) días calendario. Esta vista será grabada, pública y podrá celebrarse en la sede de la Junta o mediante el sistema de videoconferencia." *Id.* Disponiéndose, además, que "[l]a vista podrá ser cerrada al público previa solicitud por escrito y debidamente fundamentado por la víctima, para mantener la confidencialidad de la información que ésta ofrezca." *Id.*

**III**

En su recurso de revisión, la Sra. Rossy Pérez señala que la JLBP abusó de su discreción al denegar el privilegio de libertad bajo palabra basándose en evidencia *ex parte*, obtenida luego de la celebración de la *Vista de Consideración*, en violación al debido proceso de ley establecido en su propio reglamento. En síntesis, la recurrente sostiene que la JLBP basó su decisión en la opinión de las víctimas, que fue añadida al expediente después de la *Vista de Consideración* sin darle oportunidad de refutarla. Además, cuestiona que se le haya atribuido falta de introspección respecto al delito, cuando ha sido consistente en negar su culpabilidad.

Asimismo, la peticionaria objeta que la JLBP basó su decisión en la proximidad de su residencia propuesta a la de las víctimas sin proporcionarle esta información, colocándola, en su opinión, en una posición de indefensión. Alega que la decisión de la JLBP fue ilegal, irrazonable y errada, ya que no se basó en la totalidad del expediente

original y considera que fue tomada en abuso de discreción. Añade que ha completado programas de rehabilitación y cumplido el tiempo mínimo de sentencia requerido por la ley.

Conforme al Reglamento de la JLBP, se consideran varios factores en la evaluación de la concesión del privilegio de libertad bajo palabra, entre ellos la opinión de la víctima y la proximidad de la residencia propuesta a la de la víctima. Ninguno de estos factores es determinante por sí solo; en cambio, la decisión resulta de un análisis integral que recae en la discreción de la JLBP. Como Tribunal de Apelaciones, nuestra función no es sustituir el criterio de la JLBP, sino de asegurarnos de que la determinación haya sido razonable, no arbitraria y basada en el expediente del caso.

En el presente caso, no se ha demostrado que la JLBP actuara de manera irrazonable o arbitraria en su decisión de denegar el privilegio. La JLBP fundamentó su decisión en varios factores, incluyendo la proximidad de la residencia propuesta a la de varias de las víctimas, lo cual representa un riesgo significativo que afecta la posibilidad de rehabilitación segura para la sociedad y para las víctimas. Además, consideró la opinión de las víctimas. Al revisar el expediente, pudimos corroborar que, en efecto, la residencia propuesta está relativamente cerca de la de una de las víctimas. Asimismo, confirmamos que la opinión de las víctimas fue desfavorable a la concesión de este privilegio.

La JLBP también tomó en consideración otros factores, como la naturaleza y circunstancias del delito, el cumplimiento de la sentencia y las evaluaciones realizadas por profesionales de la salud mental, lo que demuestra un análisis exhaustivo y completo del caso.

En vista de que la JLBP actuó dentro de su discreción y conforme a los criterios que establece la ley, entendemos que no

existen motivos suficientes para intervenir en su determinación de denegar el privilegio de libertad bajo palabra en este caso.

**IV**

Por los fundamentos expuestos, resolvemos confirmar la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones